ALBANY,<br>Jan. 1835.<br><br>Stone<br>v.<br>Case.

Judgment reversed.

---

## Stone *vs.* Case & Keeler.

In a *justice' court*, a declaration must be good in *form* as well as *substance* if it be objected to *before the justice;* and if upon demurrer he adjudges it good, when in fact it was defective in *form* or *substance*, his judgment will be *reversed*.

Error from the Monroe common pleas. Stone sued Case and Keeler in a justice's court, and declared *orally* , in substance, as follows : " The plaintiff declares against the defendants in this suit in assumpsit, for that in consideration of a certain piece or peices of wheat the defendants agreed and promised to pay the plaintiff a certain sum of money, to wit, twenty dollars. Also, in consideration of the plaintiff's interest in and to a certain piece or pieces of wheat, the defendants agreed and promised to pay the plaintiff another sum of money, to wit, twenty dollars. And also," &c. setting forth a third count. In addition to thus presenting his demands, the plaintiff stated that he could not tell precisely what day said promises were made, but that they were made some time within the last six months preceeding the commencement of the suit. The defendants answered, in writing, as follows : " Defendants *demur* to the first and second counts, and assign, for cause of demurrer, that the said first and second counts do not contain time, place, to whom the cause of action passed, nor at whose request. To the third count the defendants plead the general issue, &c. The plaintiff insisted that the two first counts of his declaration were sufficient to sustain the action. The justice decided that they were sufficient. The plaintiff then entered a *nolle prosequi* as to the third count, and asked for judgment on the two first counts for the sum of twenty dollars ; which judgment the justice rendered without any proof of the demand. The common pleas of

*Monroe* reversed the justice's judgment, and the plaintiff below sued out a writ of error.

*A. Pratt,* for plaintiff in error.

*C. M. Lee,* for defendant in error.

*By the court,* SAVAGE, Ch. J.   The counsel for the plaintiff in error contends that the declaration was sufficient. In *Timmerman* v. *Morison.* 14 *Johns. R.* 369, the plaintiff declared in writing :· his declaration containing the general counts, but without stating any time, or averring a request on the part of the defendant.   The defendant demurred specially, but the justice decided the declaration was sufficient.   On certiorari, this court said that the demurrer was well taken, and the defendant was entitled to judgment thereon.   In *Keyser* v. *Shafer,* 2 *Cowen,* 437, such a declaration was held good in a justice's court on *general demurrer ;* and in *Van Hoesen* v. *Van Alstine,* 3 *Wendell,* 78, it was said that although pleadings in justice's courts are to be received with liberality, yet, when they are objected to *before the justice* they are to be governed by the same rules as pleadings in other courts.   When a cause from a justices' court is brought up for review, and no objection was taken to the pleadings before the justice, this court will not readily listen to such an objection, particularly one of form merely.   If it be good in substance, that is sufficient ; and no doubt it was in reference to that principle that the revised statutes provide, that where a plaintiff declares orally, the justice shall enter in his docket the substance thereof.   2 *R. S.* 234, § 48.   The legislature did not thereby intend to say that a declaration before a justice should not be perfect in form as well as substance, *if so required,* at the time when put in.

The justice erred in saying the declaration was sufficient, and also in giving judgment without evidence of the amount of the plaintiff's damages.   The common pleas were correct in reversing the judgment ; and their judgment must be affirmed, with single costs.

Judgment of common pleas affirmed.