# JAMES D. BRUNER
## *v.*
## CATHARINE DYBALL.

1. DEMAND——*when necessary, in trover.* A conversion is not produced by a demand and refusal, but it is the evidence of a conversion. Whenever a conversion is shown, the action of trover may be maintained.

2. Where the property has been sold and converted into money, a demand is unnecessary, because an actual conversion has taken place.

3. So, generally, when a party commits a trespass, by wrongfully taking possession of the property of another, although it may be under a claim of right, a recovery may be had.

4. The distinction seems to be, that where a party comes into possession rightfully, but his possession has become wrongful, then a demand and refusal are necessary to show that he has converted the property.

5. But where the possession is taken under a wrongful claim of ownership, the taking is, of itself, a conversion, and no demand is necessary.

6. And the fact that the possession was obtained through the forms of law, makes no difference, where the proceeding was designed as a fraud upon the owner.

7. So, where a party obtains possession of the property of another by means of a writ of replevin, under an assertion of title, but with intent thereby to defraud the owner, such taking is a conversion, and the owner may maintain trover without making a demand.

8. REPLEVIN — *effect of seizing property under the writ, as to its ownership.* The mere taking possession of property under a writ of replevin, by the plaintiff therein, does not affect the ownership thereof. That can only be determined by a trial, and the judgment of a court.

9. SAME — *remedy of the owner.* So, if the plaintiff in replevin, after having obtained possession of the property of another under the writ, dismisses his suit without a trial upon the merits, the owner may maintain trover or replevin against him and have the right determined. His remedy upon the replevin bond is not exclusive. The case of *Speer* v. *Skinner*, 35 Ill. 282, is distinguished from this case, upon that question.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. J. S. PAGE, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears from this record, that appellant, on the 21st day of October, 1865, sued out a writ of replevin from a justice of the peace, for the recovery of a sewing machine. It also appears, that he, on the day set for the trial, went to appellee, and informed her that the suit had gone against her, and that he had the costs to pay. It seems that he then went before the justice of the peace and had the suit dismissed, and paid the costs. Afterward, on the 30th of October, 1865, appellee sued out a writ of replevin from the Superior Court of Chicago, returnable to the ensuing December Term. A declaration was filed, containing two counts in replevin and one in trover. Pleas were filed, issues joined, and a trial had before a jury, resulting in a verdict against appellant for $117.75. A motion for a new trial was overruled, and judgment rendered on the verdict; and defendant below prosecutes this appeal to reverse that judgment.

It is urged, that, inasmuch as appellee failed to prove a demand, she was not entitled to recover.

The question is, then, presented whether, in an action of trover, a demand and refusal are necessary to a recovery. In the case of *Johnson* v. *Howe*, 2 Gilm. 342, it was said, that a conversion is not produced by a demand and refusal, but it is the evidence of a conversion. In that case it was held, that evidence that the defendant had given directions to his agent not to deliver the property to the plaintiff, tended to prove a detention in replevin and a conversion in trover. It has been held, that a wrongful assumption of the ownership of property

is a conversion. And, whenever a conversion is shown, the action may be maintained. When the property has been sold and converted into money, a demand is unnecessary, because an actual conversion has taken place. So, generally, when a party commits a trespass, by wrongfully taking possession of property of another, although it may be under a claim of right, a recovery may be had.

The rule is laid down by Chitty, in his treatise on pleading, 176, that a conversion may be by the wrongful taking of personal property ; by some other illegal assumption of ownership, or illegally using or misusing property; or by a wrongful detention of goods. He also says, that, wherever trespass will lie for taking the goods of the plaintiff wrongfully, trover will also lie. And, in cases of a conversion by a wrongful taking, a demand and refusal are not necessary. But he also says, that, if possession is obtained under color of a contract, the action will not lie, unless a case of fraud can be proved. He also announces the rule, that a wrongful assumption of ownership in, or right of disposing of, goods, may be a conversion in itself, and render a demand and refusal unnecessary. The distinction seems to be, that, where a party comes rightfully into possession, but his possession has become wrongful, then a demand and refusal are necessary, to prove that he has converted the property to his own use. But when the possession is taken under a wrongful claim of ownership, the taking is, of itself, a conversion.

In this case, the possession was obtained under a claim of right. It is true, the forms of law were used to put appellant into possession, but the jury were fully warranted in believing, from the evidence, that the whole proceeding was designed as a fraud upon appellee, and that he procured the dismissal of the suit without a trial by false representations to appellee.

We think the evidence warranted the jury in finding, that appellant had wrongfully obtained the possession of the property, under an assertion of title, such as constituted a conversion and rendered the proof of a demand and refusal unnecessary.

It is again insisted, that, inasmuch as the statute requires the plaintiff, in an action of replevin, to execute a bond and security for the return of the property before it is delivered to him, the only remedy of the defendant, in case the plaintiff fails to succeed, is by a recovery on the bond. All of the authorities agree, that the suing out of the writ of replevin and obtaining possession of the property under the writ in no wise changes the ownership. The plaintiff does not thereby become the owner of the property. He simply, under the law, becomes its custodian, until the right is determined by a judgment of a court on a trial of their respective claims of ownership. Before he can obtain the property, he is required to give bond with security for the return of the property if he fails to establish his right, and, if he does not establish his right, the judgment is, that he shall return it to the former possessor. It is then manifest, that he acquires no right by the suing out a writ of replevin, obtaining possession of the property, and then dismissing his suit. If such were the case, any person could, at pleasure, become the owner of the property of another, against his will, only subject to the payment of such a price as should be fixed by a jury. The object of the bond required by the statute is, to give the defendant an additional remedy, in case the property is wasted or consumed, or, perhaps, when it has been sold to an innocent purchaser. In such a case, the defendant may bring trover or replevin to recover the property from the plaintiff, and have the right settled by a judgment of a proper judicial tribunal.

In the case of *Speer* v. *Skinner*, 35 Ill. 282, it was held, that a landlord, who had distrained goods of his tenant for rent in arrear, lost his lien on the goods when they were replevied by the tenant, and it is now urged, that the principle announced in that case governs this. In such a case, the landlord does not claim to own the property, but simply to hold it by a lien as security for his debt. He only, by the distress, changes the custody of the property to enforce his lien. He has rightfully reduced it to possession in enforcing his lien, but the ownership of the property is not changed by the distress, but simply the

possession. The ownership, in such a case, is only changed by a sale of the property.

The tenant has the right to repossess himself, under the law, by discharging the debt for the rent, thereby extinguishing the lien of the landlord, and thus prevent a sale. Or, if he choose, he may contest the landlord's claim and repossess himself of the property by an action of replevin. And, when he resorts to the latter course, he is required to give bond with security for the return of the property in case he fails in his action, and this bond the law substitutes for the landlord's lien. Before, he held a lien on the property as security for the rent in arrear, but the tenant by executing the replevin bond releases the property from the lien, and the bond becomes a new security ; and, if the tenant fails in his action, the landlord's only remedy is on the replevin bond. But it is believed that such a rule only applies to cases where property is held by the defendant under a lien, and as a security for the payment of a debt, or the performance of some other duty, and the plaintiff in replevin substitutes the replevin bond as security, in lieu of the lien held for the same purpose. And where a party simply has a lien on property there is no hardship in remitting him to the security which the replevin bond affords. But it would be otherwise where the suit is brought to test the right of property.

The second and fourth instructions for appellee left the case fairly to the jury, and they are in consonance with the principles which we have here announced as applicable to the case. The evidence we think sustains the finding of the jury. Nor* do we perceive any error in giving or refusing the other instructions in the case; and the judgment of the court below must be affirmed.

*Judgment affirmed.*