THOMAS E. ALLEN

*v.*

OZEM B. NICHOLS, JR.

1. EVIDENCE—*where no objection is made below, no error can be assigned for its admission.* Where evidence is received, or a witness is examined without objection to his competency, this court will presume that all grounds of exception were waived, and the party can not object in this court for the first time.

2. JUSTICE'S COURT—*right of recovery not affected by the form of action named by the justice.* As there are no written pleadings in justices' courts, if the plaintiff proves any ground for a recovery, he will be entitled to a judgment, if the justice had jurisdiction of the subject matter, and this without regard to the form of action named by the justice. And the same rule applies on the trial of the cause by the circuit court on appeal.

3. Thus, where it appeared that a deceased party in his life-time had bought a wagon of the defendant, and had paid only $10 on the price, and the defendant, after his death, took possession of the same, and refused to give it up on demand, on suit by the administrator, originally commenced before a justice of the peace, who named the action trover, the plaintiff obtained a verdict and judgment for $10, the proof showing the wagon to be worth at least $35: *Held,* that the verdict could be sustained, as the justice had jurisdiction of an action of debt or assumpsit.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. G. VAN HOOREBEKE, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from this record that defendant in error, as administrator of the estate of Hiram Allen, deceased, brought an action of trover before a justice of the peace in Clinton county, against plaintiff in error, to recover a wagon claimed to have belonged to deceased in his life-time. A demand and refusal were proved, and, on a trial before the justice, plaintiff below recovered a judgment for $40. An appeal was prosecuted to the circuit court, where a trial was had before a jury, who found a verdict in favor of plaintiff for

$10, and the court, after overruling a motion for a new trial, rendered a judgment on the verdict, from which this writ of error is prosecuted by defendant.

On the trial in the circuit court, it appeared that the wagon was in the possession of deceased at the time of his death, and that plaintiff in error took it into possession, and the administrator brought this action. On the trial in the circuit court, the widow was introduced as a witness on behalf of the plaintiff, and testified in the cause, which is assigned as error. On a careful examination of the record, we fail to find that this testimony was objected to by plaintiff in error.   In the absence of an exception appearing in the record, as has been held in numerous cases in this court, the objection can not be raised and discussed for the first time on error.   Where evidence is received or a witness admitted without objection, we must presume that all grounds of exception are waived, and having been waived, the party can not afterwards object. As the question is not presented by the record, we do not determine whether the widow of intestate was a competent witness.

It is next urged that the court erred in giving for defendant in error this instruction :

" If you believe from the evidence that the wagon belonged to deceased at time of his death, your verdict will be, guilty, and assess the damage at whatever the proof shows the wagon worth when taken by plaintiff in error.   But if you believe from the proof the wagon belonged to plaintiff in error, your verdict will be, not guilty, and that if the jury believed that Hiram Allen was to pay for the wagon at a future time, you should find for plaintiff."

Although this instruction may have been inaccurate, still it manifestly did not mislead the jury.  There was not sufficient evidence of ownership by deceased upon which to base this instruction.   But had the jury found that he was the owner of the wagon, they would doubtless have found a verdict for $35 or $40, as the evidence clearly showed the wagon to have

been worth one or the other of these sums, and there was no evidence that it was worth the sum found by the verdict.

On the other hand, it is manifest that the jury found that sum on the evidence of the widow that her husband had furnished $10 in money towards paying for the wagon, and we think they were warranted in arriving at that conclusion. Can such a judgment be sustained? In a justice's court there are no pleadings, and it has been held by this court, that the plaintiff is not required even to file an account in a suit before a justice of the peace; and on bringing an action in that court, if the plaintiff proves any grounds of a recovery he is entitled to a judgment, if the justice of the peace has jurisdiction of the subject matter. The fact that the justice of the peace names the action one thing when it is another, can not prejudice the rights of the plaintiff.

In this case an action of debt or assumpsit would lie for the recovery of the money loaned by deceased to plaintiff in error, and the justice of the peace had jurisdiction in both of these actions to a much larger amount.

Inasmuch as the evidence sustains the verdict, the judgment of the court below must be affirmed.

*Judgment affirmed.*