Crolot v. Maloy.

---

SEFERINO CROLOT, Appellee, v. THOMAS MALOY, Appellant.

*January 14, 1882.*

JUSTICE OF THE PEACE.   (1)   *Pleadings, whether to be written or oral.*
SAME.   (2)   *Same, must be sufficient to make an issue.*
SAME.   (3)   *Same, common-law rules of, not applicable in justice's court.*
SAME.   (4)   *Same, what writings may form.*
SAME.   (5)   *Appeal from, no reversal, but trial de novo to be had in district court.*
PLEADING.   (6)   *General issue need not be pleaded in writing.*
JUSTICE OF THE PEACE.   (7)   *Pleading, affidavit in attachment held sufficient declaration.*
BILL OF PARTICULARS.   (8)   *When it may be asked.*
JUSTICE OF THE PEACE.   (9)   *Substitution of demands before.*
EVIDENCE.   (10)   *Jury to judge of weight and credibility.*

1. The statute, secs., 13, 23 and 36, relating to justices of the peace, Prince's Laws N. M., pp. 88, 89, 92, providing that the pleadings before a justice of the peace may be oral, and that the plaintiff's cause of action shall be entered on the docket of the justice by a brief statement thereof, is directory merely, and does not preclude the filing of written pleadings, setting out the cause of action by the the plaintiff and a denial thereof or statement of any other defense by the defendant.

2. Though strict formality is not required in pleadings before a justice of the peace and they are to be treated with great liberality with a view to substantial justice between the parties, yet the substance of an issue in some way must be formed.

3. The technical rules of common-law pleading have no application to suits before justices of the peace.

4. In such suits any allegations or indorsements in writing or accounts sued on in whatever form they may be, if sufficient to apprise the opposite party of what is intended and which would be sufficient to bar another suit for the same cause, should be considered good pleading.

5. The rule that if the plaintiff's statement of a cause of action be objected to by the defendant as insufficient in substance to constitute a cause of action, and is erroneously decided to be defective in substance, the judgment will be reversed, cannot be applied in appeals from judgments of justices of the peace in New Mexico, as, whatever may be the errors in law committed by the justice in a case of which

Crolot v. Maloy.

he has jurisdiction of the subject matter, on appeal to the district court, the case must be tried on its merits *de novo*.

6. No pleadings, oral or in writing, on the part of the defendant are necessary to raise an issue on the plaintiff's statement of a cause of action as the general issue will be presumed by law, and need not be formally pleaded.

7. Where no written pleadings were filed, and no entry made on the justice's docket showing that plaintiff had a cause of action, a statement in an affidavit for an attachment that the demand is a money demand for $99 belonging to plaintiff and had and received by the defendant, is a sufficient declaration by plaintiff to warrant a trial, especially as no objection to its sufficiency was interposed by the defendant.

8. A defendant in a suit before a justice of the peace, considering himself not sufficiently apprised of the cause of action, may demur or demand a bill of particulars.

9. A plaintiff in an action before a justice of the peace for money had and received, may substitute another demand, *e. g.*, a demand for work and labor done by plaintiff for defendant. And where the defendant makes no objection to the evidence introduced to support the claim for work and labor, but instead of objecting, introduces evidence in rebuttal upon that issue, he will be considered as having waived any objections he might have urged against the competency of plaintiff's evidence to sustain his original claim for money had and received.

10. It is the exclusive province of the jury to determine the weight and credibility of testimony, and their determination is not subject to review.

Appeal from the District Court of Santa Fe county.

This is an action brought by attachment before a justice of the peace in Santa Fe county, taken from that court by appeal to the district court, said county, and thence by appeal to this court. Claim was made for ninety-nine dollars for money received by said defendant belonging to plaintiff., Judgment in district court was for full amount claimed. The plaintiff below was the only witness to sustain claim, and upon his testimony alone the truth or falsity of the existence of a just claim depended. The principal error relied upon by appellants is the failure of the court below to grant a new trial upon all the facts brought out by plain-

tiff, and upon the affidavit filed by defendant in support of motion for new trial.

*Conway & Risque*, for appellant.

The evidence did not sustain the claim made by plaintiff below, as no proof was given to show that defendant had received any money whatever pertaining to plaintiff.

The court should have granted a new trial. The action of the court in refusing so to do was an unsound use of its discretion, and this court has power to review such action when clearly wrong: Hibbard on New Trials, title "Surprise," p. 521, secs. 1, 3, 5, note "A," and authorities there cited; California Digest, New Trials, head "Surprise," and authorities there cited.

*Fiske & Warren*, for appellee.

The courts of justices of the peace are of special and limited jurisdiction, and have no powers except those conferred by statutes.

Sec. 19, p. 129, and sec. 38, p. 143, Revised Statutes of N. M., Prince's ed., provides for denying the truth of the affidavit in attachment in the district courts, and a separate trial upon the issue thus made, but there is no statute of the territory authorizing such issue and trial in cases before justices of the peace.

Sec. 120, p. 109, and sec. 77, p. 101 Revised Statutes N. M., Prince's ed., provides for trial *de novo* in appeals from justices of the peace to the district courts, and that in the trial in the latter court on such appeals the rules of courts of justices of the peace shall govern.

There is positive evidence in the record to support the verdict of the jury in this case, and nothing therein to show ground for setting same aside on motion for new trial. The affidavit upon which that motion was chiefly based was defective in many particulars, and notably in not stating when the witnesses who were to give the newly discovered testimony could be produced in court, or that they could ever

Crolot v. Maloy.

be so produced: Bouvie's Law Dict., 12th ed., vol. 2, p. 222, secs. 9 and 10.

The court properly overruled the motion in arrest of judgment. This motion was made because there was "nothing in the pleading or complaint filed which would support a judgment." We submit that the record does not support that conclusion, and especially see the attachment affidavit, but if it did, it would make no difference in this case. A mere appearance in the justice's court is all that the rules or customs of that court in this territory require, and there need be no written complaint or pleadings there. The record shows that the appellant appeared before the justice.

But even if he had never appeared, the case, when taken on appeal, was governed in the district court by the rules applicable to the court of the justice of the peace: Rev. Stats., Prince's ed., p. 101, sec. 77. No complaint or pleadings in the case were required in the justice's court, and consequently none on appeal in the district court. The appellant did not, when he appeared in the district court, raise any question denying jurisdiction, but by his general appearance he waived all jurisdictional objections, and he was properly in court regardless of all matters of complaint or pleadings.

Of the authorities cited in appellant's brief, the California cases are based upon the code of that state: Revised Stats. Cal., vol. 2, p. 1000, sec. 10657 and p. 1003, sec. 10662.

Of the remaining citations, all from the American decisions: *Brown v. Frost*, 2 Bay. (S. Ca.), 126, vol. 1, p. 633, is a case treating of when the court below in the exercise of its discretion may grant a new trial. In *Ross v. Overton*, 2 Cal. Va., 309, vol. 2, pp. 552, 555, the court says, that a new trial, because the verdict was contrary to the evidence, "ought to be granted only in case of a plain deviation and not in a doubtful case, merely because the court if on the jury would have given a different verdict." In *Houston v.*

*Gilbert,* 3 Brown (S. Ca.), p. 63, vol. 5, pp. 542, 547, the verdict was set aside because it was " unlawful," etc., requiring the defendant to find his slave at a remote place.   See the case for peculiarities of the verdict.

*Eagle Bank v. Smith,* 4 Conn. 71, vol. 13, pp. 37, 38. The verdict in this case was clearly against the evidence, and was so held under a statute of Connecticut (Conn. Stats. 54, sec. 68), providing for such cases in the following language :   " That the verdict is against the evidence in the cause."

*Turnbull v. Rivers,* 3 McCord (S. Ca.), 131, vol. 15, pp. 622–5.  On page 625 Am. Dec., vol. 15, the court says : "The court will therefore grant a new trial *toties quoties,* where the verdict is contrary to law, and where there is no evidence on which the jury can find a verdict."

Am. Dec., vol. 20, pp. 156–8 (3 J. J. Marshall, Ky., 440). On page 158, the court says :   " A new trial ought to have been granted for the foregoing reasons ;" and proceeds saying, the evidence is of such a character " as to leave no reasonable excuse for doubt in an intelligent and disinterested mind."   See, also, *McCarroll v. Stafford,* 24 Ark., 228 ; *Territory of New Mexico v. Webb, ante,* 147.

In Tennessee, proceedings before justices are commenced by summons which the statute of Tennessee requires, shall set out the form of action :   Tenn. Code, sec. 4146.   There is no provision in that code that the proof shall govern regardless of the pleadings, except in cases where one of the parties fails to appear.   In such cases, the Tennessee Code provides that the justice shall " hear the allegations and proof of the" party present, " and shall render judgment thereon :"   Tenn. Code, secs. 4155 and 4156.

The statute of New Mexico provides that in the absence of either party, the " justice shall proceed to hear the proofs " (not combined with the allegations, as in Tennessee) " of the

Crolot v. Maloy.

party present, and render judgment thereon : " Rev. Stats. N. M., Prince's ed., p. 92, sec. 35.

In Tennessee, the justice must furnish on appeal, a transcript " including the process and written evidence filed, and the entries on his docket : " Code Tenn., sec. 4164. And in the court on appeal, the "court shall allow all amendments to the form of action : " Code Tenn., sec. 4177.

This is substantially what the Statutes of New Mexico require as to transcript, but the Tenn. Code, sec. 4177, presupposes a written " form of action," which may be amended on appeal, while the statutes of New Mexico expressly provides that "each party may plead orally : " Rev. Stats. N. M., Prince's ed., p. 89, sec. 23.

Yet the supreme court of Tennessee say in an action in which the cause of action was stated to be " in a plea of debt that these words of a 'plea of debt' must be moulded to apply to accounts, assumpsit, to damages for the non-compliance with a contract or legal duty," etc. : *Bodenhamer v. Bodenhamer*, 6 Hump. (Tenn.), 267–8.

In Illinois the statute sets out clearly and distinctly the different forms of actions to be used in justice courts, such as money had and received, goods sold and delivered, work and labor, etc. : Rev. Stats. Ill., vol. 1, p. 686. Also, that " the justice shall proceed to hear and examine the " respective allegations and proof, and shall thereupon give judgment " against the party proved to be indebted : Rev. Stats. Ill., vol. 1, p. 702.

The statutes of New Mexico are much more liberal in this respect than the statutes of Illinois, in that our statutes do not require technical causes of action to be filed, or any written mention of cause of action, but expressly provides the pleadings may be oral : Rev. Stats. N. M., Prince's ed., p. 89, sec. 23. And in Illinois " the allegations and proof " are to determine the justice's action (Rev. Stats. Ill., vol. 1, p. 702), while in New Mexico the rule in justice's courts, so

far as shown by our statutes, require the justice to be guided by the " proof" alone, regardless of the " allegations :" Rev. Stats. N. M., Prince's ed., p. 92, sec. 35.

Yet the supreme court of Illinois hold that proof alone must determine the right to recover before a justice of the peace, and " although the plaintiff or the justice might call the case ejectment or larceny, the statute requires the court to hear the proofs, and if it makes out a case of which the justice has jurisdiction, the plaintiff is entitled to recover : *Chicago etc. R. R. v Reid*, 24 Ill., 144; *Brewster v. Grover*, 29 Ill., 248.

In Missouri the law requires it should be the " same cause of action tried on appeal that was tried before the justice," and the court says it will not consider " any technical inaccuracies as to the name of the action., whether it be for work and labor, or on account of wages, or *quantum meruit*, or on special agreement :" *Metz v. Eddy*, 21 Mo., 14, 15.

In Texas, a judgment containing nothing more than the heading of the justice's judgment, in this case was held good: *Wahrenberger v. Horan*, 18 Tex., 58.

In Mississippi, " cases brought from justice of the peace into the circuit court may be tried without any written pleadings whatever," and even " character of the party suing could be shown by evidence," that is, a party might sue in his individual capacity, and recover in a representative capacity : *Hairston v. Francher*, 7 S. & M. (Miss.), 249 and 255. " The proceedings in actions before a justice of the peace are throughout in a summary manner, without the forms of pleading :" *Thurston v. McClanahan*, 5 Mo., 521.

The pleadings in this case were oral and distinct from the attachment proceedings, and the fact that the justice noted down in his docket only the names of parties and the words "Debt No. 99," which was before the district court on appeal, is sufficient : 6 Hump. (Tenn.), 267, 268 ; 18 Tex., 58 ; 24 Ill., 144; 29 Ill., 248 ; 7 S. & M. (Miss.), 249, all cited

above. And it is especially sufficient, because a failure of the justice of the peace to note down in writing oral pleadings cannot prejudice the parties: *Sinnamon v. Melbourn*, 4 Green (Iowa), 310.

Under our statute failure of the district court in that regard had the same effect as in the justice court, and no more.

But if the attachment proceedings are the pleadings, then they must all be examined to find the cause of action; that is, not the affidavit alone, but the bond, writ and citation, or, in other words, all the papers filed by plaintiff below, before the appearance of the defendant. These show a money demand, or debt due, without reference to technical forms of action, and that is sufficient under the authorities cited.

There was no surprise, because the justice law of New Mexico provides that if the pleadings are not specific enough, or, in the words of the act, if the " opposite party " require it, the plaintiff shall furnish " a bill of particulars of his demand," and " then " the justice may, on cause shown, adjourn the cause not exceeding thirty days: Rev. Stats. N. M., Prince's ed., p. 89, sec. 23. If the pleadings were not satisfactory in the justice court, or, under our statute, in the district court, he had his remedy by demanding a bill of particulars.

But, if we admit in this case:

1st. That the oral pleadings were not sufficiently stated in writing outside the attachment proceedings.

2d. That the failure of the justice of the peace or of the district court to note the oral pleadings down in writing was a fault or error which can prejudice us here.

3d. That attachment proceedings are pleadings; that being such, they state a technical cause of action, money had and received; and, notwithstanding the authorities cited to the contrary, that we were bound to prove a technical case of money had and received.

Then we say there could be at most only a variance which was cured by the verdict. In this case, the testimony of "work and labor" was not only admitted without objection, but appellant introduced evidence to rebut it, showing conclusively that appellant was not surprised, but fully understood and acquiesced in and assented to the issue below.

On this point the supreme court of Mississippi say : "But for a variance the proper course is to exclude the proof ; and no motion to that effect was made. The testimony was admitted without objection : *Stiers v. Surget*, 10 Smedes and M. (Miss.), 158.

BRISTOL, Associate Justice: This case was originally brought by the appellee, Crolot, against the appellant, Maloy, before a justice of the peace of Santa Fe county, in the first judicial district, by attachment. The amount claimed as due him from the defendant is ninety-nine dollars.

No property of the appellant seems to have been attached, but one John Faber was summoned as garnishee, who appeared and acknowledged an indebtedness to the appellant in the sum of thirteen dollars. Both parties appeared before the justice. There is no record before this court showing that any pleadings were put in before the justice by either party, either oral or otherwise, except the affidavit of appellee for attachment, stating, among other things, that the appellant, Thomas Maloy, owes him, after allowing the just credits and offsets, the sum of ninety-nine dollars, which debt arose upon money which the said Thomas received belonging to the said Seferino Crolot, and a written plea of the appellant, not traversing the affidavit as to the alleged cause of action, constituting the indebtedness, but denying the statements in the affidavit as to the specific grounds for the attachment.

A jury having been waived, the cause was tried before the

Crolot v. Maloy.

justice, who found and entered judgment in favor of the appellee, in the sum of sixty dollars, and costs.

From this judgment an appeal was taken to ·the district court for the first judicial district and county of Santa Fe, where the cause was tried *de novo*, before a jury, who rendered a verdict for appellee in the sum of ninety-nine dollars, and judgment for him in that sum and costs was entered accordingly. The case is here on appeal from that judgment.

The errors assigned are: *First.* There is no evidence to sustain the plaintiff's claim. *Second.* The court below erred in overruling the motion for a new trial.

The law of this territory governing proceedings in civil actions before justices of the peace specifically provide how parties may form an issue to be tried. Section 23 of the act relating to justices of the peace, provides as follows: "Upon return of any process, each party may plead orally, but shall give a bill of particulars of his demand, if required by the justice or opposite party": Prince's ed., Laws N. M., 89.

Section 13 of the same act provides that, "every justice shall keep a docket," in which he shall enter among other things, "a brief statement of the nature of the plaintiff's demand, and the amount claimed." *Id.*, 88.

Section 36 of the same act provides for impanelling a jury to try the cause "after issue joined." *Id.*, 92.

While the statute provides that the pleadings may be oral, and that the plaintiff's cause of action shall be entered in the docket of the justice by a brief statement thereof, yet this is directory merely, and does not preclude the filing of written pleadings, setting out a cause of action by the plaintiff, and a denial thereof, or statement of any other defense by the defendant.

Though strict formality is not required in pleadings before a justice of the peace, and they are to be treated with great liberality with a view to substantial justice between the par-

ties, yet the substance of an issue in some way must be formed : *Phillips v. Bridges*, 2 Wis. 270. The technical rules of common-law pleading can have no application to suits before justices of the peace : *Bodenhamer v. Bodenhamer*, 6 Humph., 264. In such suits, any allegations or indorsements in writing, or accounts sued on in whatever form they may be, if sufficient to apprise the opposite party of what is intended, and which would be sufficient to bar another suit for the same cause, should be considered good pleading. In the case of *Stone v. Case*, 13 Wend., 283, it was decided in effect that if the plaintiff's statement of a cause of action in a justice's court be objected to by the defendant as insufficient in substance to constitute a cause of action, and the justice decides that it is sufficient, when in fact it is defective in substance, the judgment will be reversed. But this rule cannot be applied to judgments of justices of the peace in this territory, as whatever may be the errors in law committed by the justice in a case of which he has jurisdiction of the subject matter, on appeal to the district court the case must be tried on its merits *de novo*. On such appeal, however, the rule laid down in *Stone v. Case, supra,* would apply if the defects in the declaration were not cured by amendment. As the case is to be tried *de novo* on such appeal, amendments would be allowed by the court. No pleading, oral or in writing, on the part of the defendant, is necessary to raise an issue on the plaintiff's statement of a cause of action, as the general issue will be considered as in by law, and need not be formally pleaded : *Howard v. Cobb*, 6 Ind., 5 ; *McHatton v. Bales*, 4 Black, 63.

There is nothing in the record before us showing that in the court below there were any allegations of the appellee on file, or any entry in the justice's docket, showing that he had a cause of action, except that already stated as a part of his affidavit for an attachment made before the justice at the inception of the suit, to wit : a money demand of ninety-nine

Crolot v. Maloy. ·

dollars, belonging to the appellee, and had and received by the appellant. This, though nowhere appearing in the proceedings, except in the affidavit, was a sufficient declaration on the part of the appellee, to authorize a trial, especially as no objection to its sufficiency was interposed by the appellant. If the appellant considered that he was not sufficiently apprised of the cause of action, he might have demanded a bill of particulars under the statute, or he might have demurred.

The evidence is all made a part of the record by a bill of exceptions, and is before us.

The evidence discloses the fact that the cause of action that was really tried was a demand of ninety-nine dollars for work and labor performed by the appellee for the appellant, and at his instance and request. There is no evidence whatever to support the claim for money had and received. Is this good ground for reversing the judgment if there is sufficient evidence of work and labor performed by the appellee for the appellant, and unpaid for, to sustain the verdict, had that been the issue ?

We are of the opinion that it is not. The conduct of both parties during the whole trial was such as to amount to an abandonment, by mutual consent, of the original issue as to money had and received, and to the substitution of the issue for work and labor. This might be done though there were no formal pleadings, oral or written, to that effect. The appellant raised no objection to the evidence introduced by the appellee to support the claim for work and labor, but instead, thereof, introduced evidence in rebuttal upon that issue, and no other. By this, he must be considered as having accepted that issue, and as having waived any objections he might have urged against the competency of appellee's evidence, to sustain his original claim for money had and received. It is clear, however, that had the appellant stood upon his rights and objected to such evidence as not being

.14

pertinent to the issue, and the same had been overruled, and the appellant forced to trial without any amendment of the pleadings, it would have been error and good ground for reversing the judgment.

The case of *Allen v. Nichols, Jr.*, 68 Ill., 250, in some respects was similar to this. The plaintiff, before a justice, sued the defendant in trover for the value of a wagon, and recovered judgment in the sum of $40. On appeal to the circuit court, evidence of a witness was received without objection tending to show that the plaintiff, who sued as administrator of one Hiram Allen, deceased, was entitled to —not the value of the wagon sued for—but the sum of $10, which the deceased, during his lifetime, had furnished towards paying for the wagon. The jury found a verdict in the circuit court in favor of the administrator for this $10, instead of for the value of the wagon in trover, which would have been, at least, $35. Judgment for the $10 was rendered by the circuit court after overruling a motion for a new trial. On appeal to the supreme court, that court refused to disturb the judgment, as no objection had been interposed to the evidence respecting the $10 claimed.

On this point the court said, " Where evidence is received or a witness admitted without objection, we must presume that all grounds of exception are waived, and having been waived, the party cannot afterward object."

The court, in that case, took occasion further to say that, " In a justice's court there are no pleadings, and it has been held by this court that the plaintiff is not required even to file an account in a suit before a justice of the peace ; and on bringing an action in that court, if the plaintiff proves any grounds of recovery, he is entitled to a judgment, if the justice of the peace has jurisdiction of the subject matter." This general doctrine thus laid down by the supreme court of Illinois is too broad to be applied to suits before justices of the peace in this territory under our present statute,

except in cases where evidence is introduced without objection in reference to causes of action not embraced in any pleadings, but we quote the rule established in that state to show to what extent the courts have gone in their liberal construction of pleadings and proceedings in justice's courts.

The evidence in the case now under consideration disclosing, as it does, the issue that was actually tried by the implied assent of the parties, and the same being a part of the record, the appellant is well protected against any future prosecution for the same cause. The testimony of the appellee in his own behalf, if true, is sufficient to sustain the verdict.

Such evidence is flatly contradicted by the testimony of the appellant, but it was the exclusive province of the jury to determine the weight and credibility of all the testimony. Such determination is not subject to review by this court.

The record discloses no error.

Judgment affirmed. All concur.