MARY E. WILCOX, PLAINTIFF IN ERROR, V. CHARLES H. BROWN ET AL., DEFENDANTS IN ERROR.

Replevin: DISMISSAL OF ACTION. An action of replevin was commenced before a justice of the peace and a return made by the sheriff showing the value of the goods to be $821.44. The justice then prepared a transcript of the proceedings for the district court, but whether it was filed or not does not appear. Soon afterwards the plaintiff and defendant appeared before the justice and caused the following entry to be made on his docket: "By agreement of both parties this suit is dismissed and the sheriff is ordered to return said goods to the defendant, from whose possession they were taken." *Held*, That independently of the question of the jurisdiction of the justice, it was a valid agreement to dismiss the action, and that if the property was in possession of the sheriff it was his duty to return it to the party from whom he had taken it.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*C. C. Flansburg* and *John Dawson*, for plaintiff in error.

*Case & McNeny*, for defendants in error.

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendant Brown, as sheriff of Harlan county, and his

sureties, to recover the value of certain goods which it is claimed he has unlawfully detained from the plaintiff.

The defendants in their answer admit the election of Brown as sheriff, and the execution of his bond with the sureties above named, but deny that on the 20th day of August, or at any other time, the plaintiff became the owner of the stock of millinery goods, furniture, and fixtures in her petition mentioned, and deny that on the date aforesaid, or at any other time, she went into possession of the same.

"3d. But defendants say that on the 20th day of August, 1885, one Canna Willis made, executed, and delivered to the plaintiff herein a certain bill of sale whereby she made a pretended transfer of the said stock of millinery goods, furniture, and fixtures, the pretended consideration whereof was the sum of $650. But these defendants say, in truth and in fact, there was no consideration for said pretended transfer; that the same was made wholly without consideration, and with intent and purpose, both on the part of said Canna Willis and the plaintiff herein, to cheat, defraud, hinder, and delay the firm of Lockwood, Englehart & Co., then creditors of the said Canna Willis, and to cheat, defraud, hinder, and delay others, the creditors of the said Canna Willis; that the purpose so to cheat and defraud the said creditors was well known to the plaintiff herein at the time of the said pretended transfer, and was done in collusion by the said Canna Willis and the plaintiff herein, whereby, without consideration, and with the sole intent and purpose of cheating and defrauding, hindering and delaying the said creditors of Canna Willis.

" 4th. And defendants further say that said defendant Charles H. Brown, under an order of replevin issued out of the justice court of A. A. Brown, a justice of the peace in and for Harlan county, Nebraska, at the suit of Lockwood, Englehart & Co. against Mary E. Wilcox, did levy upon the said stock of millinery goods, furniture, and fix-

tures, on the date in plaintiff's petition alleged. But defendants say that after the seizure by said defendant Brown, under the writ aforesaid, of the said stock of millinery goods, furniture and fixtures, and after his taking possession of the same, he caused the same to be appraised by the oaths of two responsible persons of said county, who appraised the value of the same at $821.44; that thereafter, and within twenty-four hours after the levy under the said writ, he caused Lockwood, Englehart & Co., the plaintiffs in said replevin suit, to give a good and sufficient undertaking to the plaintiff herein, in the sum of $1650, signed by Lockwood, Englehart & Co. and Lee Adams, conditioned that the said Lockwood, Englehart & Co. should duly prosecute their action and pay all costs and damages awarded against them, and return the property to the defendant in case judgment for a return of the property should be awarded against them, and conditioned in all respects as by law required; and thereupon defendant Brown approved the said bond, and delivered and turned over to said Lockwood, Englehart & Co. the stock of millinery goods, furniture, and fixtures, as by law required, and did perform all other acts and things, under and by virtue of said writ, in the manner required by law, and made due return thereof, and of all the proceedings thereunder, on the 29th day of August, 1885, to A. A. Brown, justice of the peace as aforesaid, before whom said replevin suit was then pending; that thereafter, upon the return of said writ, bond, and appraisement, and on the 29th day of August, 1885, the said cause by the said A. A. Brown, justice of the peace, before whom the same was then pending, was duly certified to the district court of Harlan county, Nebraska.

"That on the ...... day of ........, 1885, and after giving bond in replevin aforesaid by the said Lockwood, Englehart & Co. to the said Mary E. Wilcox, the said Lockwood, Englehart & Co., with the knowledge, consent, and

approval of said Mary E. Wilcox, sold and delivered the said stock of millinery goods, furniture, and fixtures to Mrs. Catherine Ver Bryck, who is now the owner and holder thereof; and that upon the giving of said bond in replevin, and after the defendant Brown had turned over the possession and control of the said stock of millinery goods, furniture, and fixtures, to said Lockwood, Englehart & Co., and after defendant Brown had made his return as aforesaid, and after said cause had been certified to the district court of Harlan county, Nebraska, as aforesaid, and after said goods and chattels and fixtures had been sold and delivered to said Ver Bryck by said Lockwood, Englehart & Co., and Canna Willis, with the consent of plaintiff herein, then the said Lockwood, Englehart & Co., and the plaintiff herein, without the knowledge or consent of defendant Brown, caused to be made and entered upon the docket of said justice of the peace the order of dismissal of the said replevin suit, and the order upon the defendant Brown to return said stock of millinery goods, furniture, and fixtures as in plaintiff's petition set out, well knowing that by their own acts and agreements they had made it impossible for him to comply with the same.

"6th. Defendants deny each and every allegation in plaintiff's petition contained not hereinbefore specifically admitted.

"REPLY.

"For reply to defendant's answer, plaintiff admits the bill of sale set forth in said answer; admits the issuance and service of writ of replevin in favor of said Lockwood, Englehart & Co., and against plaintiff; and denies each and every other allegation therein contained."

On the trial of the cause the jury returned a verdict in favor of the defendants, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The testimony tends to show that on the 24th of August, 1885, Lockwood, Englehart & Co. commenced an action

in replevin against the plaintiff, before a justice of the peace, to recover the possession of certain goods; that an order of replevin was thereupon issued by said justice and delivered to the defendant Brown, who, on the 29th of that month, made the following return:

"Received this writ August 24th, 1885. I replevied the within described goods and fixtures, and called James Bradford and P. P. Bentley, two responsible citizens, and administered to them an oath to make an impartial appraisement of said goods and fixtures, which they did, in writing, which I have hereto attached and made a part of this return."

In his testimony in the case he says: "I boxed goods up under instructions from Lockwood, Englehart & Co., through their attorney, J. A. Cordeal, and put them in a warehouse. I think I then made a return. The matter was laid away then, and I heard no more until in the course of several days I got the verbal report that there had been a compromise made, that the matter had been settled. A dispute then arose as to who was entitled to the goods, and I held them for instructions of the attorney I replevied the goods for. They were several days trying to fix the matter; finally Cordeal came to me and said, 'These goods belong to Mrs. Ver Bryck, and she is entitled to them, as she had given her notes.' I went to her (Mrs. Ver Bryck), and she gave me money to pay storage, and I took her receipt for the goods and gave her the goods. I had no control over the goods at the time this suit was commenced. I do not know where the goods are. The only order I ever received was an oral one from Cordeal to turn over the goods to Mrs. Ver Bryck. Cordeal was a partner of Dawson, who was attorney for Englehart & Co."

### CROSS-EXAMINATION.

"My son was acting as my deputy then. I don't remember asking Dawson what I should do with these goods

after the dispute arose. I remember you (Dawson) telling me to take the goods back where I got them, and let them fight it out themselves. My son, my deputy, looked after my business in my absence. Mrs. Wilcox asked me about turning the goods over to her, and demanded them of me; this was before I had turned them over to Mrs. Ver Bryck. Mr. Wilcox did not demand the goods then; he was not here. I told Mrs. Wilcox at the time she demanded the goods that I would not turn them over to her, as there was a dispute about the matter, and I was instructed by attorney Cordeal not to do it. This was after the settlement of the replevin suit between Lockwood, Englehart & Co. and Mrs. Wilcox. Cordeal was acting for Lockwood, Englehart & Co. Cordeal is the fellow who wrote out the bill of sale for Mrs. Ver Bryck."

### RE-DIRECT EXAMINATION.

"At the time Mr. Dawson told me to turn the goods back, I had turned them over to Mrs. Ver Bryck, and did not know where they were."

The appraised value of the goods in question was the sum of $821.44, which it was agreed was their true value. The testimony tends to show that upon the return being made to the justice he certified the cause to the district court; that on the 4th of September, 1885, Lockwood, Englehart & Co., and the plaintiff, appeared before the justice and caused the following entry to be made on his docket: "By agreement of both parties, this suit is dismissed, and the sheriff is ordered to return said goods to the defendant (plaintiff in error), from whose possession they were taken." Whether or not this agreement was entered into before the transcript was filed in the district court does not appear, nor is it material, as no attempt is made to impeach it, or to show that the action is still pending in the district court. As there is no proof to the contrary, we are justified in assuming that the above agreement

was entered into between the parties named, and that the sheriff was to return the goods to the defendant in replevin. Such an agreement, as between the parties entering into it, if acted on by them, must, so far as they are concerned, be considered a settlement of the matter in controversy, in accordance with the terms agreed upon. In the case named it appears to have been agreed that the action should be dismissed and the goods be returned to the party from whom they had been taken, the plaintiff. The temporary right of a plaintiff to the possession of property obtained under an order of replevin terminates upon the discontinuance or abatement of the suit instituted by him, or by judgment against him. Wells on Replevin, § 474. *Lovett v. Burkhardt*, 44 Penn. St., 174. *Bonner v. Dyball*, 42 Ill., 34. *Sheer v. Skinner*, 35 Id., 282.

If the defendant Brown, therefore, was in possession of the goods in question when the parties amicably settled the matter in controversy, he should have returned such goods to the party from whom they were taken. The testimony tends to show that he was in possession and refused to return the goods. It is claimed in behalf of defendants that proof exists to disprove such possession. If so, it does not appear in the abstract. A large amount of testimony is found in the record as to whether or not the purchase of the property in question by the plaintiff from one Canna Willis was not fraudulent as to creditors of said Willis. That question does not appear to arise in the case, as the defendants do not claim to be creditors. No doubt this testimony had a tendency to mislead the jury.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.