#### John Morley v. Bridget Roach.

1.  DEMAND—*when, not essential to maintenance of trover.*  Where the property in question was taken in the first instance without warrant of law and by force, a demand is not essential to the maintenance of trover on account thereof.

2.  FORMS OF ACTION—*do not exist in justice court.*  Forms of action do not exist in justice courts and the judgment in a cause instituted before a justice of the peace has to conform to the character of the evidence offered.

3.  MEASURE OF DAMAGES—*in action of trover.*  The measure of damages in an action of trover is the market value of the property at the time of the conversion, with interest to the day of trial.

Action of replevin.  Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding.  Heard in this court at the May term, 1904.  Affirmed upon remittitur.  Opinion filed October 14, 1904.

E. L. CHAPIN and SHUTT & GRAHAM, for appellant.

DAVIS McKEOWN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This was originally a suit in replevin, brought by appellee against appellant, before a justice of the peace, to recover the possession of twenty-seven turkeys.  The justice rendered judgment in favor of the plaintiff, whereupon the defendant appealed to the County Court.  In the County Court the plaintiff elected to proceed in trover, instead of replevin, and recovered judgment for $75, from which the defendant appeals to this court.

The material facts involved, briefly stated, are as follows:  Appellant, who had lost some turkeys some time before, in company with one Cass, a constable, went to the house of appellee, and without any process or authority of law for so doing, and against her protest, drove away and retained possession of the turkeys in controversy, claiming that they were the ones he had lost.  Appellee then sued out a writ of replevin, which was given to the same con-

Morley v. Roach.

stable, who returned the turkeys to the home of appellee. Several hours afterwards appellant learned of what had been done and induced the constable to return the property to him, whereupon the suit at bar was instituted.

Appellant contends that under the facts in evidence, appellee cannot recover in trover for the reason that no demand was made for the property before bringing the suit. The property in question having been taken from appellee in the first instance without warrant of law, and by force, no demand was necessary. Bruner v. Dyball, 42 Ill. 34.

Appellant further contends that trover will not lie because the property was found and delivered to plaintiff. Without discussing the evidence in detail, we will say that the evidence warranted the jury in finding that no delivery of the turkeys was made to appellee, and further that appellant wrongfully converted the same to his own use.

The contention of appellant that appellee having once elected to proceed in replevin could not thereafter change the form of action, is also untenable. There are no written pleadings in a justice court. The justice had jurisdiction of the subject-matter, and a wrongful conversion of the property having been established, appellee was entitled to judgment in trover, without regard to the form in which the action was originally commenced; and the same rule applied upon the trial of the cause in the County Court on appeal. Allen v. Nichols, 68 Ill. 250.

We are of opinion, however, that the verdict and judgment are excessive. The measure of damage in trover is the market value of the property at the time of conversion, with interest to the time of trial. Brewster v. Van Liew, 119 Ill. 561. The value of the turkeys in suit at the time of conversion was shown to be $35, and there is no evidence in the record warranting a verdict for a larger sum.

If appellee will, by writing filed in the court, remit the sum of $40 within twenty days, the judgment of the trial court will be affirmed.

*Affirmed upon remittitur.*

Remittitur filed October 27, 1904.