### Niven McConnell, Appellee, v. Lewis Hamp et al., Appellants.

1. PRACTICE—*when propositions of law informal.* A proposition of law which assumes the existence of a fact in dispute is informal and may for that reason properly be refused.

2. TROVER—*when demand not essential.* If the taking was tortious or if an actual conversion appears, no demand is essential to the maintenance of trover.

Trespass. Appeal from the Circuit Court of Hardin county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

W. H. MOORE and D. G. THOMPSON, for appellants.

R. F. TAYLOR and JOHN C. OXFORD, for appellee; R. ROBERT FOWLER, of counsel.

PER CURIAM. This was a suit in trespass with two counts in trover, brought by appellee against appellants, to recover for injuries to a mining shaft and also for the value of a large amount of fluor spar, mined by appellee and taken away from the dump at the top of the mine by appellants. By agreement of

the parties in the court below, a jury was waived and this cause was tried at the same time and upon the same evidence as the case of The Ressa-Nell Mining & Milling Company v. H. H. Pilander et al., also appealed to this court and in which we have filed an opinion at this term. As the evidence in the two cases was identical and the facts are set out fully in our opinion in the case last referred to, we deem it unnecessary to repeat the same here.

In this case the court found the issues for the appellee and entered judgment against appellants for $700 and costs. During the time appellee was in possession of the mine or mines in question, he took out a large amount of fluor spar which was desposited on a dump at the surface near the mines. It is claimed by appellee that this fluor spar was removed from the premises and sold by Lewis Hamp, the original owner of the 40 acres of land on which the mines were located, and Thomas H. Clark, who was secretary and treasurer of the Ressa-Nell Mining & Milling Company. This suit was brought on October 20, 1905.

Appellants insist that "Appellee cannot recover in this case because he did not have possession when the alleged trespasses were committed and never acquired such possession prior to the beginning of this suit." It follows from what we said in the other case, above referred to, that the evidence was sufficient to warrant the court below in finding, as it must be presumed it did, that appellee McConnell had not forfeited his rights under the lease, from Hamp to Haley. The reasons for this finding will apply with particular force to the acre of land for which J. M. Steel, the agent of appellee, paid Lewis Hamp the $40.00 provided for in the lease and for which he took a written receipt from Hamp, stating that the $40 was received by him "for use of surface of one acre of land for mining purposes on which is located shafts and buildings." This receipt was given July 11, 1903, which was after the three years provided for in the lease had

expired and nearly a year before Hamp and wife made the lease to F. A. McClelland, under which the Ressa-Nell Mining & Milling Company claim their interest in the property.

We are of opinion, therefore, that the evidence fully sustains the finding of the court below in favor of appellee, and while the amount of the judgment appears to be somewhat large, yet we cannot say that it was not warranted by the proofs.

In addition to such questions as were based upon the facts, appellants, in their reply brief, state, the court erred in not holding as the law the third and fourth propositions of law submitted by them. The third assumed as a matter of fact that appellee had abandoned the mining property and for this reason, as well as for the fact that it appears to be incomplete and imperfectly drawn, it was properly refused. The fourth stated, "The law is that before the plaintiff can recover in this case under the count in trover, for the conversion of the spar, he must prove a legal demand for the same before bringing his suit." The fault of this proposition of law is that it does not apply to the facts in this case for the reason that where the taking is tortious or there is an actual conversion no demand is necessary. In Brunner v. Dyball, 42 Ill. 34, it is said, where the question whether demand and refusal were necessary to a recovery in trover was under consideration, "It has been held that the wrongful assumption of the ownership of property is a conversion and whenever a conversion is shown the action may be maintained. When the property has been sold and converted into money a demand is unnecessary because an actual conversion has taken place. So generally when a party commits a trespass by wrongfully taking possession of the property of another, although it may be under a claim of right, a recovery may be had. The rule is laid down by Chitty in his treatise on Pleading, 176, that a conversion may be by the wrongful taking of personal property; by some other

illegal assumption of ownership or illegally using or misusing property; or by a wrongful detention of goods. He also says that wherever trespass will lie for taking the goods of the plaintiff wrongfully, trover will also lie and in case of the conversion of wrongful taking a demand and refusal are not necessary." In Hayes v. Mass. Life Ins. Co., 125 Ill. 626, it is held, that in trover "demand and refusal are unnecessary if the taking is tortious or if an actual conversion is shown."

In this case the proof was that the property in question had been taken and sold by appellants and they had appropriated to their own use the proceeds of sale, and the evidence also warranted a finding that said property belonged to appellee and appellants wrongfully obtained possession thereof.

We find no error in the record which would authorize a reversal of the judgment in this case and the same is accordingly affirmed.

*Affirmed.*