# Leo S. Bridges, Defendant in Error, v. Albert E. Engers, Plaintiff in Error.

## Gen. No. 16,311.

1. REPLEVIN—*right of defendant to maintain action against plaintiff for wrongfully suing out.* A defendant successful in a replevin action need not sue the surety upon the replevin bond given; but may institute action against the plaintiff in the replevin suit for the wrongful obtaining of the writ.

2. MUNICIPAL COURT—*effect of adoption of particular form of action.* In 4th class cases in the Municipal Court no written pleadings are required, and the same rule obtains as in cases before justices of the peace. It makes no difference whether the form of action is apparently in tort or in assumpsit. All that is necessary is that the court have jurisdiction of the parties and the subject-matter. It may then enter such judgment as the successful party is entitled to on the evidence.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912.

JAMES EWING DAVIS, for plaintiff in error.

WILLIAM A. BITHER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Albert E. Engers, the plaintiff in error, brought suit in replevin against Leo S. Bridges, the defendant in error, and one Alexander Tintner, before a justice of the peace, which resulted in a judgment in favor of Tintner and Bridges and against Engers. Engers then appealed the case to the Circuit Court, to which court the appeal was followed by Bridges but not by Tintner, the latter not entering his appearance. The result of the suit in the Circuit Court was in favor of Bridges, damages being fixed at one cent, and a writ of *retorno habendo* was issued. The writ was placed in the sheriff's hands, but no demand was ever made for the property. Three days after the writ was issued the judgment entered in the Circuit Court was amended, on motion of Bridges, by striking out the allowance of damages. Thereafter Bridges brought suit in the Municipal Court of Chicago in the sum of $200 for damages occasioned by the wrongful suing out of the writ of replevin by Engers. In the Municipal Court the case was tried before the court, without a jury, which found that the plaintiff, Bridges, was entitled to the sum of $50 as the value of the wagon wrongfully taken from him, and also to the further sum of $50 as attorney's fees incurred by him in the trial of the case in the Justice Court and in the Circuit Court.

The contention of the plaintiff in error is that the suit was one in trover, and that in that form of action attorney's fees may not be recovered, the measure of damages for the conversion of the property being the current market value. If the action were one in trover we should regard the point made by the plaintiff in

error as well taken.  We do not, however, regard it as such an action.

From the statement of claim it would appear that the action was to recover the damages to which the plaintiff would have been entitled if suit had been brought upon the bond in replevin, the only difference being that no attempt was made to obtain judgment against the surety upon the bond which presumably was given when the writ of replevin was taken out.  If such bond was given by the plaintiff in error he merely created a new obligation.  He did not lessen his liability in any other form of action for the improper suing out of the writ.  Cobbey on Replevin, Sec. 1307; Bruner v. Dyball, 42 Ill. 34.

In fourth class cases in the Municipal Court no written pleadings are required, and the same rule obtains as in cases before justices of the peace.  It makes no difference whether the form of action is apparently in tort or in assumpsit.  All that is necessary is that the court have jurisdiction of the parties and the subject-matter.  It then may enter such judgment as the successful party is entitled to on the evidence.  Edgerton v. C. R. I. & P. Ry. Co., 240 Ill. 311.

The judgment is affirmed.

*Judgment affirmed.*