Per Curiam.

The justice erred. 1. In not requiring proof of the execution of the pretended power of attorney.
2. The demurrer to the declaration was well taken, and the defendant was entitled to judgment thereon.
3. The justice erred in his construction of the statute for regulating the practice of physic and surgery. (2 R. L. 219.) The 12th section of that act forbids any person to practise physic or surgery wdthout a diploma, and declares that, “ if any “ person shall so practice without a diploma, he shall forever “ thereafter be disqualified from collecting any debt incurred by “ such practice in any court in this state.” The 20th section superadds a penalty of 25 dollars for practising without a regular license, with a proviso, that no person shall be subject to such penalty, who practises without fee or reward: and with this further proviso, “ that nothing in this act contained shall be construed to extend to debar any person from using or applying, for the benefit of any sick person, any roots, bark or herbs, the growth or produce of the United States.” The true construction of all these sections and provisoes, taken together, is, that no person commencing to practise without license, after the date of the act, shall be capable of suing for services rendered, or medicines furnished as a physician or surgeon ; and that every person so practising without license, is subject to a penalty of 25 dollars, unless he proves that he practised gratuitously, or that he administered only roots, bark, or herbs, the growth or produce of the United States.
*373 4. The jostice erred in rendering judgment in favour of the pFiintiff, for the costs voluntarily incurred by the defendant in making his defence.
Judgment reversed, (a)

 Vide, Pinfield v. Carpender, 13 Johns. Rep. 350. Bronson v. Mann, 13 Johns. Rep 460.