## CORNELIUS I. VANGUILDER against JOHN STULL.

### CERTIORARI.

The *time* when services were rendered, for which the plaintiff claims compensation should be alleged in the state of demand, and if no time is stated the judgment will be reversed.

---

This was a *certiorari* to the Court of Common Pleas of the county of Salem, to reverse a judgment rendered on an appeal. The state of demand filed with the justice was as

follows: "The plaintiff comes into court on the return day of the summons and demands of the defendant the sum of fifty cents for wintering, pasturing and washing a sheep........................................................... $0 50

JOHN STULL.

May 25th, 1827."

A judgment was rendered by the Court of Common Pleas, in favor of Stull the plaintiff below.

*Eakin,* in behalf of Vanguilder the defendant below, moved to reverse this judgment, and among other reasons contended that the state of demand was insufficient and uncertain; that " in all states of demand in justices' courts, or declarations in other courts, *time* was necessary to be stated with certainty and precision." And that this had been repeatedly decided by this court, to wit:

In *Pen.* 267, *Longstreet* v. *Taylor,* the court said, that " in making out the cause of action, *dates* are proper and requisite."

In *Pen.* 320, *Lane* v. *Pissant, ib.* 321, *Brant* v. *Woodruff,* the same error appears, though not alleged, and only noticed by the court under the general head, that the demand was insufficient.

In *Pen.* 370, *Leary* v. *Vandyke,* after reciting the demand the court say—" Now this, besides that it gives neither *time* nor place to these transactions," &c., &c.

In *Pen.* 407, *Seely* v. *Foster,* the court reversed the judgment, because the state of demand was altogether insufficient. After stating three of the charges therein, the court say, " and all these three without any date."

In *Pen.* 640, *Ramsay* v. *Emans,* demand was for money had, &c., " without any *date,*" &c., and held insufficient.

And in *South.* 92, *Sims* v. *Smith,* the late *Chief Justice* in giving the opinion of the court, said: " The importance of

*dates* in these states of demand, is exceedingly manifest in this very case," &c., and the judgment was reversed for the insufficiency of the demand.

*McCulloch* for the defendant, in *certiorari*, contra.

The question for the consideration of the court is not, whether the state of demand filed in this cause would be deemed sufficient in the Superior Courts; it is at once conceded, that in them it would be held insufficient. But the court is to decide, whether upon the principles which have been recognised in regulating the proceedings in justice's courts, and from the spirit of the enactments of the legislature, this be a sufficient statement of demand, and drawn with such accuracy and technicality as our law requires in a justice's court. The courts for the trial of small causes were established with a view of bringing justice home to every man's door, and enabling individuals of common understanding to draw their pleadings, and conduct their own business, without resorting to counsel, and thereby incur an expense which the subject matter in dispute might not justify. The sum demanded in this case is but fifty cents; already have two adjudications been had before the constitutional tribunals of our state upon this petty dispute; and should this court hold as strict a hand as is now contended for, in these small cases, and require a technical conformity with the rules of pleading, it would destroy the salutary intentions of the legislature in the enactment of the small cause act.

To the sufficiency of this state of demand, it is objected, that the time when these services were rendered is not stated with certainty and precision.

To this error the case of *Montgomery* v. *Snowhill,* 1 *Pen.* 361, affords a full and sufficient answer. The charge in that case was: "To services of my son, in attending your store one year, $50." Divers exceptions were taken in this case,

Vanguilder *v.* Stull.

and much was said upon it at the bar. Yet the court there held, that if the party be fully apprised of the demand which is to be set up against him, it is enough, and unanimously affirmed the judgment. In this case there was no averment of the time when the services were rendered, nor any allegation that they were performed at the request of the defendant, and both these were regarded as matter of evidence before the justice. The principle of this case is again recognized in *Pen.* 461, 466, 560,654, 712.

In *Reeves* v. *Roff*, *Pen.* 609, the action was for money paid and expended for the use of the defendant, without any allegation that it was at his instance and request, and the demand was held sufficient.

Defects in mere matter of form in the declaration, will be cured by the defendant's pleading over, and in some instances, even matters of substance. As in an action of trespass for taking goods, not stating them to be the property of the plaintiff, the defect will be aided if the defendant by his plea admit the plaintiff's property. 1 *Chitty* 402; 1 *Sid.* 184; *Com. Dig. Pleader, C.* 85, 87; *Plowd.* 182; 8 *Coke* 239. To the same point are *Vaughan* v. *Johnson*, 8 *Johns.* 84; *Drake* v. *Corderoy, Sir W. Jones* 307; *Cro. Car.* 288; 6 *Binney* 24; *Tuke and Condies case cited in Osborne* v. *Brooke, Alleyn,* 7.

In support of this error, several cases are cited, but they do not go the length contended for by the counsel. In *Longstreet* v. *Taylor, Pen.* 267, the principle to be deduced is, that in filing a copy of an account instead of a state of demand before a justice, dates must be affixed to the several items of the account.

In *Lane* v. *Pissant, Pen.* 320, a copy of an account was filed without any date to the account and without dates to the several items; yet these omissions were not assigned for error nor noticed by the court.

In *Leary* v. *Randalph, Pen.* 370, the court say, the state of demand is wholly unintelligible and therefore reverse the judgment.

Vanguilder *v.* Stull.

In *Foster* v. *Seeley, Pen.* 408, the court again reverse because the demand was unintelligible.

In *Ramsey* v. *Evans, Pen.* 640, the demand was for money had and received to the use of the plaintiff. It has long been decided that the common count for money had and received is insufficient in a justice's court, and this was sufficient cause for reversal.

In *Sims* v. *Smith, South.* 92, there was no allegation as to the time when the special contract upon which the action was founded, was entered into; and it appears that the date was purposely omitted, with a view of avoiding the effect of a former judgment which was expected' to be pleaded in abatement.

But if the demand standing by itself should be deemed defective in this particular, I refer to the item of set off, by which it appears that the defendant was fully aware of the claim intended to be proved against him, and of the time when the services mentioned in the demand were performed for him.

EWING, C. J. The state of demand in this case makes no mention of the time when the services were rendered, for which the plaintiff claims to recover compensation.

In the case of *Sims* v. *Smith,* 1 *South.* 92, the state of demand, because it contained no date, was deemed insufficient, and the judgment was reversed. The same principle is recognized in the cases of *Longstreet* v. *Taylor, Penn.* 267; *Leary* v. *Vandyke, Ibid* 370; *Seeley* v. *Foster, Ibid* 407; and *Ramsay* v. *Evans, Ibid* 640. In *Lippincott* v. *Smith,* 1 *South.* 95, the time of the trespass for which the action was brought was set forth in the state of demand to have been " about in the month of September, 1814;" a majority of the court thought this charge sufficiently specific in trespass. *Justice Southard* was of opinion the allegation was too uncertain, even in trespass, and afforded sufficient ground for reversal. In *Timmerman* v. *Morrison,* 14

*John.* 369, on certiorari, a declaration in assumpsit in a justice's court was held bad, for not stating any time. *Comyns, tit. pleader, c.* 19, says, the time of a matter charged in the declaration ought to be certainly alleged, and therefore if in assumpsit, the plaintiff omits the day when the promise was made, it is bad.

The cases cited by the counsel of the defendant, in *certiorari,* avail nothing. In *Montgomery* v. *Snowhill, Penn.* 361, the want of time, was not urged, nor indeed from what appears on the state of demand, could such an objection have been well made, in point of fact. In the cases reported in *Penn.* 461, 466, 654, 712, this point was not raised nor decided. In some of them there were dates; in none was any notice taken of the defect; and in general these cases only prove the rule that mere technical formality is not required in a state of demand.

Let the judgment be reversed.