### HALLORAN v. CONEY ISLAND JOCKEY CLUB.

(City Court of New York, Special Term.   November 13, 1902.)

1. GAMING—RECOVERY OF MONEY LOST—COMPLAINT—SUFFICIENCY.
    In an action in the municipal court, an oral statement by plaintiff, on the return day, that her complaint was "for money had and received, and lost at gaming on horse races," did not state sufficient facts to constitute a cause of action.

2. MUNICIPAL COURT — REMOVAL OF CAUSE—REDUCTION OF PLEADINGS TO WRITING.
    Where, on a removal of a cause from the municipal court to the city court of New York, an order was made directing that the pleadings be reduced to writing, such order did not authorize the filing of new pleadings, but simply required that the oral pleadings had in the municipal court be reduced to writing.

3. SAME—STRIKING OUT PLEADINGS.
    Where, on removal of a cause from the municipal to the city court of the city of New York, it was ordered that the pleadings be reduced to writing, and the complaint filed in pursuance of such order was not the same as the oral complaint made in the municipal court on the return day, the written complaint so filed would be stricken out on motion.

Action by Beatrice Halloran against the Coney Island Jockey Club. Motion to set aside a written complaint, served after the action had been removed from the municipal court. Motion granted.

Mr. Steinhardt, for plaintiff.
Mr. Lindsley, for defendant.

O'DWYER, J.   This action was commenced in the municipal court by the issuance of a summons, and on the return day the plaintiff appeared, orally stated her complaint to be "for money had and received, and lost at gambling on horse races," and, having stated no other facts and circumstances, although a demand was duly made in open court by the defendant for a further statement, as appears by the uncontradicted averment in the affidavit of defendant's counsel, the defendant demurred to the complaint, upon the ground, among others, that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action.   Immediately after issue had been thus joined, the defendant presented a bond, and an order was granted removing the action to this court.   Subsequently an order was entered herein giving the plaintiff leave to serve a written complaint in this action, duly verified, and in pursuance thereof the plaintiff served a complaint, which it is claimed is not in the form of the complaint stated by the plaintiff in the municipal court, and to which the defendant demurred.

The oral complaint in the municipal court was framed in the following language:   "For money had and received, and lost at gambling

on horse races." The complaint in that form was objected to; but plaintiff, being content therewith, failed to amend, and thereupon defendant filed its written demurrer thereto. It is only necessary to refer to the language employed in the oral complaint to determine that no fact is stated from which it appears that the plaintiff has a cause of action for money had and received, or for any other cause against this defendant.

The written complaint, served in pursuance of the order that the pleadings be reduced to writing, is a plain and concise statement of facts constituting a cause of action against the defendant for money had and received upon a gambling transaction—clearly an amendment of the pleading introduced in the lower court. To the pleading as amended the defendant's demurrer will not lie, although well taken to the complaint as it existed at the time issue was joined. In the municipal court a declaration must be good in form as well as substance. If it be objected to before the justice, and if defective in form or substance, a demurrer thereto will lie. .If it be good in substance, that is sufficient, and no doubt it was in reference to that principle that the statute provides that, where a plaintiff declares orally, the substance thereof shall be indorsed upon the summons and entered in the docket book of the court. The Legislature did not thereby intend to say that a complaint before a justice should not be perfect in form, as well as substance, if so required at the time when put in. Sections 145, 158, c. 580, pp. 1535, 1540, Laws 1902, Municipal Court Act; section 481, subd. 2, Code Civ. Proc.; Stone v. Case, 13 Wend. 283; Timmerman v. Morrison, 14 Johns. 369; Cushingham v. Phillips, 1 E. D. Smith, 416. Upon the removal of a cause from the municipal court to this court, the pleadings remain the same, unless amendment thereof be allowed; and where a cause is so removed, and an order entered directing the pleadings to be reduced to writing, such an order does not authorize new pleadings, but simply requires that the oral pleadings had in a municipal court be reduced to writing. Walker v. Scott (Com. Pl.) 23 N. Y. Supp. 334.

It is insisted that the objection to the form of the complaint must be taken by answer, and may not be raised by motion to strike out the pleading; Davis v. Bingham, 32 Misc. Rep. 777, 66 N. Y. Supp. 489, a case decided by the General Term of this court, being cited as a controlling authority. It is true that in that case the court said that the complaint should have been conformed to the oral pleading, but that the objection should have been taken by answer, and not by demurrer. The remark was not necessary to the decision, and the opinion therein of the justice at Special Term stated that "on motion the court could strike out the excess, or make the written pleadings conform to the oral." Orderly procedure requires that the pleadings be put in proper shape before the subject-matter of the action in issue is presented for determination.

The written complaint served is different in form from the oral pleading in the court below, and must be set aside, with leave, however, to the plaintiff to serve a written pleading, conforming to the oral, and with leave to apply for leave to amend the same; $10 costs to defendant to abide event. Settle order on two days' notice.