(56 Misc. Rep. 568.)

### STATE BOARD OF PHARMACY v. DAVEY.

(Supreme Court, Appellate Term. November 29, 1907.)

DRUGGISTS—VIOLATING PHARMACY LAWS—ACTION FOR PENALTY—COMPLAINT—
        SUFFICIENCY.

    Where plaintiff complained in the Municipal Court against defendant as follows: "Violation Pharmacy Laws. Sale of borax which was not of the standard, strength, quality, and purity established by the United States Pharmacopœia"—giving no section of the law claimed to have been violated, not stating either time or place, and not setting forth in what respect the article sold failed to comply with the law regulating its sale, nor whether defendant might not come within one of the several exceptions or limitations specified in section 199 thereof, a demurrer to the complaint was properly sustained.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the State Board of Pharmacy against Andrew Davey. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Hieronimus A. Herold, for appellant.
John A. Hardiman, for respondent.

GILDERSLEEVE, P. J. As appears from the record in this case, on the return day of the summons, the parties appeared by counsel, and the plaintiff complained against the defendant: "Violation Pharmacy Laws. Sale of borax which was not of the standard, strength, quality, and purity established by the United States Pharmacopœia"— and the defendant "files a demurrer." There is a written demurrer on file which recites the following grounds:

"First, that several causes of action, each being to recover one penalty for each of several separate and distinct alleged violations of chapter 667 of the Laws of 1900, known as the 'Pharmacy Law' have been improperly united; second, that the complaint does not state facts sufficient to constitute a cause of action."

The demurrer was sustained in the court below, and the plaintiff appealed to this court, and upon the argument in February, 1907, the appeal was dismissed. Although the record from that appeal is not before us, we assume that the appeal was then dismissed upon the ground that the appeal was taken from the order sustaining the demurrer, and not from the judgment, as there appears to have been no judgment entered until April 18, 1907.

Both parties state in their briefs that this action was brought to re-

cover for several penalties of $25 each for alleged violations of section 197, c. 667, p. 1479, of the Laws of 1900. Statements of attorneys in briefs constitute no part of the record, and this court cannot so regard them; nor, except so far as the statements therein are borne out by and are to be found in the record, can they be considered by the court. An examination of the complaint does not disclose that any number of penalties are sued for, except as it may be so inferred' from the amount demanded in the summons, which is $400; but the demand in the summons forms no part of the complaint, and it might well be said that, had the plaintiff been permitted to go to trial, no effort to prove but one violation on the part of the defendant would have been made, and but one penalty claimed, so that the criticism made by the defendant that the complaint set forth several causes of action in one is without force.

As to the second ground, viz., that the complaint does not state facts sufficient to constitute a cause of action, we deem that to be well taken. Municipal Court Act, Laws 1902, p. 1535, c. 580, § 145, subd. 1, provides that:

"* * * The pleadings may be oral and the substance thereof shall be endorsed upon the summons and entered in the docket book of the court."

Section 149, Mun. Ct. Act, in language almost identical with section 481, subd. 2, Code Civ. Proc., declares that:

"The complaint must state in a plain and direct manner the facts constituting the cause of action."

It is evident, therefore, that a complaint in a Municipal Court is to be tested, if its sufficiency be called in question, by the same rules as are applied to complaints in the Supreme Court. The rule in the Supreme Court is well known. The pleader in that court must state every fact which he must prove to entitle him to maintain his suit, and every fact which the defendant has a right to controvert in his answer must be distinctly averred. The fact that the Municipal Court act permits a pleader to plead orally does not alter this rule, if the pleading is objected to; and this has been so held many times.

In the case of Stone v. Case, 13 Wend. 283, the plaintiff made the following oral complaint:

"The plaintiff declares against the defendant in this suit in assumpsit, for that, in consideration of a certain piece or pieces of wheat, the defendant agreed and promised to pay the plaintiff a certain sum of money, to wit, $20; also in consideration of the plaintiff's interest in and to a certain piece or pieces of wheat the defendants agreed and promised to pay the plaintiff another sum of money, to wit, $20."

The defendants filed written demurrers. The court overruled the demurrers, which the Supreme Court on appeal held to have been error. In the opinion the court said that:

"Although pleadings in Justices' Courts are to be received with liberality, yet, when they are objected to before the justices, they are to be governed by the same rules as in other courts."

In the case of Timmerman v. Morrison, 14 Johns. 369, the plaintiff declared orally for goods sold, money had and received, money paid,

and services rendered. The defendant demurred, and the demurrer was overruled. On appeal to the Supreme Court, that court held:

"That the demurrer to the declaration was well taken and that the defendant was entitled to judgment thereon."

See, also, Van Hoesen v. Van Alstyne, 3 Wend. 75; People v. Judges, 21 Wend. 21; Cushingham v. Phillips, 1 E. D. Smith, 418.

In the case of Halloran v. Coney Island Jockey Club (City Ct.) 81 N. Y. Supp. 143, the plaintiff pleaded orally in the Municipal Court as follows: "For money had and received and lost at gambling." The defendant filed a written demurrer thereto. The plaintiff failed to amend, and the action was then transferred to the City Court, where the demurrer was argued at Special Term. O'Dwyer, C. J., in sustaining the demurrer, said:

"It is only necessary to refer to the language employed in the oral complaint to determine that no fact is stated from which it appears that the plaintiff has a cause of action for money had and received, or for any other cause against the defendant. * * * In the Municipal Court a declaration must be good in form, as well as in substance, if objected to before the justice; and, if defective in form or substance, a demurrer thereto will lie."

The Municipal Court act distinctly provides for the interposition of demurrers and "a demurrer is an objection to the legal sufficiency of the pleading demurred to." It denies the legal proposition involved in such pleading, and thus makes an issue of law. Rumsey's Pr. vol. 1, p. 462.

Applying the rule hereinbefore stated, it needs no argument to show that the complaint in the case at bar is woefully deficient in all the material allegations necessary to state a cause of action. It gives no section of the law claimed to have been violated, neither time or place is stated, nor does it set forth in what respect the article sold fails to comply with the law regulating its sale, nor whether the defendant may not come within one of the several exceptions or limitations specified in section 199 thereof. Its only statement is a mere conclusion of law, with not a single fact set forth according to the rules of pleading. That the court below did not sustain the demurrer upon the right ground gives no aid to the appellant, if it should be sustained upon any of the grounds legally interposed.

Judgment sustaining the demurrer affirmed, with costs, with leave to the appellant to plead over in the Municipal Court upon payment of the costs in the court below and of this appeal within six days.

LEVENTRITT and ERLANGER, JJ., concur in the result.