(62 Misc. Rep. 492.)
### SPITZ v. NEW YORK TAXICAB CO.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEMURRERS TO COMPLAINT—STATUTORY PROVISIONS.

Municipal Court Act (Laws 1902, p. 1535, c. 580) § 145, provides that pleadings in the Municipal Court may be oral or written.   Subdivision 2 provides that where a written complaint is served with the summons a written demurrer must be filed.   Held, that subdivision 2 is not in derogation of the preceding provision, and does not restrict demurrers to complaints which are in writing.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—PLEADING—SUFFICIENCY OF COMPLAINT—DEMURRER.

The statement, "Complaint, personal injuries, etc.," indorsed on a summons in the Municipal Court, is not a statement of facts constituting a cause of action, and a demurrer thereto should be sustained, and plaintiff allowed to amend, under Municipal Court Act (Laws 1902, p. 1536, c. 580) § 145, subd. 4, providing that, where the court deems a demurrer well founded, it must permit the pleading to be amended.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—BILL OF PARTICULARS—EFFECT ON DEFECTIVE COMPLAINT.

A complaint in the Municipal Court, not stating a cause of action, could not be aided by a bill of particulars served eight days after joinder of is-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sue, since the bill of particulars could not create an issue of fact not there-tofore tendered defendant.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. APPEAL AND ERROR (§ 934*) — REVIEW — PRESUMPTIONS—ENTRY OF APPEAL-ABLE JUDGMENT.

Though an entry by plaintiff, styled "interlocutory judgment on demur-rer," upon a decision of the Municipal Court on overruling a demurrer to the complaint, has rather the incidents of an order than of a judgment, where the point is not raised on appeal from an "interlocutory judgment," it will be presumed that there was an interlocutory judgment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 934.*]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Joseph Spitz against the New York Taxicab Company. From a Municipal Court judgment overruling a demurrer to the complaint, defendant appeals. Reversed, with leave to plaintiff to plead anew.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Lewis D. Mooney, for appellant.

M. Strassman, for respondent.

MacLEAN, J. Upon November 2, 1908, the return day of a free summons indorsed, "Complaint, personal injuries, etc.," the defendant interposed a written demurrer:

"The complaint does not state facts sufficient to constitute a cause of action."

This on November 30th the learned trial justice disallowed, with $10 costs, because, as he opined:·

"Section 145, subd. 2, of the Municipal Court act (Laws 1902, p. 1536, c. 580), allows demurrers only where there is a written complaint."

This was error. That subdivision of section 145 does, indeed, provide that a demurrer to a written complaint must be in writing; but this is no more in derogation of the preceding declaration in the same section that pleadings, including demurrers, in the Municipal Court, may be oral or written, than is the requirement that a pleading subsequent to a verified pleading must commonly be verified. The court should have deemed the demurrer well founded, and allowed the plaintiff, not the defendant, to amend (subdivision 4). The words indorsed upon the summons did not amount to a statement, plain, concise, or otherwise, of facts constituting a cause of action. Nor were they holpen out by the service eight days after the joinder of issue of a bill of particulars, which could not create an issue of fact not thereto-fore tendered the defendant.

What was entered by the plaintiff upon the decision of the learned trial justice, and styled "interlocutory judgment on demurrer," has rather the incidents of an order than of a judgment; but, as neither point nor contention is based on that discrepancy, it may be disre-

garded or overlooked on presumption. Cawley v. Costello, 15 Hun, 303.

Judgment reversed, with costs to the appellant, but with leave to the respondent to plead anew upon payment of costs and disbursements.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). Plaintiff, a street sweeper, upon a free summons brought this action by an oral complaint, indorsed upon the summons as for "personal injuries, etc." The defendant, as appears from the indorsements on the summons, on the return day (November 2, 1908) made a "demand," and November 10th was set down as the date for the "answer." On November 6th a bill of particulars, stating the date, hour, and place of the accident, and also setting forth the details of his serious injuries, his loss of employment between specified dates, and the expense of his medical attendance, was filed. No answer was presented on November 10th, when the case was set down for trial, and various adjournments were thereafter had till November 24th, when the defendant demurred to the complaint for insufficiency.

As far as the record shows, since on the return day the only step taken by the defendant was to make a "demand," issue was not joined until the demurrer was interposed on November 24th. But on November 6th defendant was fully advised as to plaintiff's cause of action by the bill of particulars, which was an amplification of the complaint, and on the day upon which the answer was to be entered it could have been entered, or, if in writing, prepared and filed. It seems, however, that, having secured the information necessary before answering, it delayed nearly three weeks, and then demurred. While it has been held that, when any complaint in a Municipal Court is tested for insufficiency, it is governed by the same rules as are applied to complaints in the Supreme Court (State Board of Pharmacy v. Davey, 56 Misc. Rep. 568, 107 N. Y. Supp. 46), nevertheless I do not think the record in this case entitles the defendant to the benefit of that authority. The manifest object of a complaint is to furnish the defendant with sufficient information to enable him to plead intelligently. Here the defendant had that information before the answer was due. In the circumstances, to compel plaintiff to pay costs as a condition of amendment, or, in the event of his presumable inability to make such payment, thus remitting him to another action wherein those costs could be offset against his demand, would seem to be unwarranted and unjust.

The interlocutory judgment should be affirmed, with costs.