PEOPLE ex rel. EDWARD & JOHN BURKE, Limited, v. O'DONNELL et al., Taxes Com'rs.

(Supreme Court, Special Term, New York County.   March 6, 1909.)

TAXATION (§ 74*)—FOREIGN CORPORATIONS.
    Debts due a foreign corporation on open accounts for imported goods
    sold in original packages are taxable against the corporation.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 159; Dec. Dig.
    § 74.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Certiorari by the People, on the relation of Edward & John Burke, Limited, against Frank A. O'Donnell and others, Commissioners of Taxes and Assessments of the City of New York. Writ dismissed.

Wetmore & Jenner, for relator.

Francis K. Pendleton, Corp. Counsel, and Frank Johnson, Asst. Corp. Counsel, for respondents.

NEWBURGER, J. In this proceeding the only question presented is whether debts due relator on open accounts for imported goods sold in original packages are taxable. It has been held that open accounts of a foreign corporation form a part of the working capital, and are therefore subject to taxation. See People ex rel. Armstrong v. Barker, 157 N. Y. 159, 51 N. E. 1043; People ex rel. Crane v. Feitner, 49 App. Div. 108, 62 N. Y. Supp. 1107. In another proceeding brought by this relator to review the assessment against it for the year 1903, the Court of Appeals, in People ex rel. Burke v. Wells, 184 N. Y. 275, 77 N. E. 19, held that:

"Bills receivable belonging to a foreign corporation maintaining an office within the state for the sale of its products, which are imported into this country and sold in its original packages, are taxable as capital employed."

And Chief Justice Cullen, in delivering the opinion of the court, on page 277 of 184 N. Y., page 19 of 77 N. E., further says:

"It is well settled that while imported goods are in the hands of the importer in the original packages they are not subject to taxation by the state, nor can any tax be imposed upon their sale by way of a license, tax, or percentage on the price for which they may be sold; but, though no tax can be imposed either on the goods themselves or their sale, we find no authority for the proposition that the proceeds of the sales have a similar immunity from taxation."

I am therefore of the opinion that the Court of Appeals intended to hold, not only that bills receivable, but open accounts, were subject to taxation.

Writ dismissed.