## REED v. LANDAU et al.

(Supreme Court, Appellate Term. April 8, 1909.)

1. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—COMPLAINT—SUFFICIENCY.
   Under Municipal Court Act (Laws 1902, p. 1535, c. 580) § 145, subd. 1, requiring the substance of an oral complaint to be indorsed on the summons, an indorsement, "Action for breach of contract," is insufficient.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—FRAMING COMPLAINT—RIGHTS OF PLAINTIFF.
   A plaintiff in the New York Municipal Court, without an attorney, is entitled to the aid of the court in so framing his complaint that defendant may know what to meet.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frederick A. Reed against David Landau and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed, and leave to amend granted on terms.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Isaac Levison, for appellants.
William J. Moran, for respondent.

GILDERSLEEVE, P. J. Upon the return day of the summons herein the plaintiff declared orally as follows: "Action for breach of contract." This statement was indorsed upon the summons, and the defendant then filed a written demurrer, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The demurrer was overruled, and from an interlocutory judgment entered thereon the defendant appeals.

This court has already decided the question arising in this case in the case of State Board of Pharmacy v. Davey, 56 Misc. Rep. 568, 107 N. Y. Supp. 46, and in Spitz v. N. Y. Taxicab Co. (February App. Term, not yet officially reported) 115 N. Y. Supp. 247; and under those decisions this judgment must be reversed. The learned trial justice has written an opinion in which he urges that written demurrers are frequently interposed for the purposes of delay, and says that "if the court were required to indorse upon the summons all the facts necessary to sustain a complaint," where the cases are so numerous as they usually are in the Municipal Court, "it would involve a hopeless delay." There is no section of the Municipal Court act which requires either the justice or the clerk to indorse upon the summons "all the facts necessary to sustain a complaint." The indorsement upon the summons need be only the "substance thereof." Section 145, subd. 1, Municipal Court Act (Laws 1902, p. 1535, c. 580). But, even

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where the pleadings are oral, there must be a complaint; otherwise, the provisions for a demurrer thereto would have been omitted from the act, and nothing would have been said therein about indorsing the summons with "the substance thereof," and such complaint must state in a plain and direct manner the facts constituting a cause of action. Section 149, Municipal Court Act. This is not done by simply using the words "Action for breach of contract," as was the case herein.

The defendant has a right to know in a definite and certain manner just what claim of the plaintiff he is required to meet, and when a complaint fails to state facts sufficient to constitute a cause of action, and the plaintiff's attention is called thereto by a demurrer, the court must permit an amendment (section 145, subd. 4, Municipal Court Act); and it is a very easy matter in such a case for the plaintiff to orally state his complaint, which may be taken down by the stenographer, thus avoiding the necessity of an appeal from a judgment overruling a demurrer. If the plaintiff has no attorney, he is entitled to the aid of the court in so framing his complaint that his adversary may know just what he is required to meet. The time of the court will thus be well spent, and the trial of any case will certainly be lessened, when the court is definitely apprised by the pleadings of the issues to be settled, and thus better able to determine what is proper and competent testimony upon such issues, rather than to permit parties, when objection is made, to go to trial upon a mere assertion of a claim, without either time, place, consideration, or agreement being stated, and the record filled with testimony foreign to the issue, and which must be disregarded by the trial court, and possibly sifted by an appellate court, before the material facts can be ascertained.

Judgment reversed, and the plaintiff permitted to amend his complaint, upon payment of costs in this court and in the court below within five days. All concur.