SAMUELSON v. MAYER.

(Supreme Court, Appellate Term. December 29, 1909.)

1. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—COMPLAINT—ORAL DEMURRER.

Under Municipal Court Act (Laws 1902, p. 1538, c. 580) § 149, requiring the complaint to state in plain and direct manner the facts constituting the cause of action, an oral complaint, alleging "work, labor, and services rendered and materials furnished," is defective on its face, and a motion to dismiss on the ground that it fails to state facts sufficient to state a cause of action, treated as a demurrer, must be granted.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PLEADING (§ 313\*)—"BILL OF PARTICULARS"—OFFICE.**

The office of a "bill of particulars" is to amplify a pleading, and to inform the party with reasonable certainty of the nature of the claim made against it; but it forms no part of the pleading, nor of the judgment roll, and it may not be resorted to in aid of a complaint wholly deficient in stating facts on which a recovery may be based.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.\*

For other definitions, see Words and Phrases, vol. 1, pp. 795–797; vol. 8, p. 7590.]

**3. PLEADING (§ 34\*)—SUFFICIENCY—OBJECTIONS.**

When objection is made to the sufficiency of the pleadings in an inferior court, they are governed by the same rules as in other courts.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 34.\*]

**4. COURTS (§ 190\*)—NEW YORK MUNICIPAL COURT—COMPLAINT—AIDER BY VERDICT.**

The denial of a motion to dismiss the complaint in the Municipal Court, alleging "work, labor, and services rendered and materials furnished," on the ground that it does not state facts sufficient to constitute a cause of action, cannot be disregarded on appeal from a judgment for plaintiff; such a complaint being so defective as to make it impossible, in a subsequent action between the parties for the same cause of action, to determine what issues were tried.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Hyman Samuelson against Carrie Mayer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Abraham Oberstein, for appellant.
Julius Blumofe, for respondent.

GIEGERICH, J. The complaint in this action was oral, and was as follows:

"Work, labor, and services rendered and materials furnished."

A bill of particulars was demanded and furnished, which stated that:

"In and about the month of February, 1909, plaintiff performed labor and furnished materials to and for the defendant at her request, consisting of \* \* \*, of the agreed price and value of $165. That, besides the labor and materials aforesaid, this plaintiff, at defendant's request, furnished materials, \* \* \* including painting, \* \* \* of the reasonable value (naming each item), the sum total amounting to $217."

At the opening of the trial the defendant moved to dismiss the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. This motion was promptly denied, and an exception taken. The defendant then proceeded to trial upon the express statement, made by the court, that the trial should be without prejudice to the motion.

It was held in Morris v. Hunken, 40 App. Div. 129, 57 N. Y. Supp. 712, that a motion in the Municipal Court to dismiss a complaint for

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

failure to state facts sufficient to constitute a cause of action, where no written demurrer has been interposed, may be made, and "should be treated as a demurrer"; and this decision was followed by this court in Rogers v. Fine, 49 Misc. Rep. 633, 97 N. Y. Supp. 1004. See, also, Thomas v. Smith, 75 Hun, 573, 27 N. Y. Supp. 589. It needs no citation of authority to show that the complaint herein entirely failed to state a cause of action. It utterly fails to comply with the requirements of section 149 of the Municipal Court act (Laws 1902, p. 1538, c. 580) which states that "the complaint must state in a plain and direct manner the facts constituting the cause of action," and its defects are so patent that they need not be specifically pointed out.

Treating the motion made to dismiss as a demurrer, it should have been granted, and the plaintiff allowed to amend (Morris v. Hunken; Rogers v. Fine, supra), unless we can hold that the bill of particulars filed is to be considered as a part of the complaint, and this we cannot do. "It is not the office of a bill of particulars to state the grounds upon which the plaintiff claims to recover, but only to point out the terms and particulars embraced in his claim, so as to identify them." Seaman v. Low, 4 Bosw. 337. The office of a bill of particulars is to amplify a pleading and to inform a party with reasonable certainty of the nature of the claim made by his adversary. Taylor v. Sec. M. L. Co., 73 App. Div. 319, 323, 76 N. Y. Supp. 671. In other words, a bill of particulars goes to relieve the uncertainty or indefiniteness of the complaint. "A bill of particulars does not constitute a cause of action, nor can it change it." Dixon v. Bunnell, 52 Misc. Rep. 560, 102 N. Y. Supp. 775. "A bill of particulars may not be resorted to, to enlarge the grounds of recovery, nor can it be made use of to change the cause of action, or enlarge the defense set up in the answer." Brolleston & Woerz v. Furrer, 102 App. Div. 544, 92 N. Y. Supp. 879, 883.

In the case of American Broom & Brush Co. v. Adaicheus, 19 Misc. Rep. 36, 42 N. Y. Supp. 871, which was an appeal from a Municipal Court judgment, the bill of particulars contained a demand founded upon an account stated for goods sold prior to the date of the transactions set forth in the complaint, and such demand was proven by testimony taken over objection to its materiality and relevancy only, and no amendment to the complaint was asked for or made. It was there held, Mr. Justice Bischoff writing the opinion for this court, that:

"The complaint contained no such demand, which is in nature distinct from the cause of action alleged for goods sold and delivered after the date of the stated account; and the bill of particulars, in so far as it attempted to enlarge the cause of action was without force, and did not support the admission of evidence as to matters beyond the scope of the pleadings when that evidence was challenged. The office of a bill of particulars is to furnish the details of the cause of action; but the cause of action itself is defined only by the complaint, without regard to the bill of particulars, which is not a pleading, nor part of the record, nor of the judgment roll."

See, also, Spies v. Michelson, 15 Misc. Rep. 416, 36 N. Y. Supp. 619; Donald v. Gearhardt, 42 Misc. Rep. 269, 86 N. Y. Supp. 598.

It is clear from the foregoing decision that, if a complaint fails to state a cause of action in its inception, one cannot be spelled into it by means of a bill of particulars, nor can a bill of particulars be resorted to in aid of a complaint which is wholly deficient in stating facts upon

which a recovery may be based. When objection is made to the sufficiency of the pleadings in an inferior court, they are to be governed by the same rules as in other courts. Stone v. Case, 13 Wend. 283; State Board of Pharmacy v. Davey, 56 Misc. Rep. 568, 107 N. Y. Supp. 46. Was the denial of the motion to dismiss the complaint, which was clearly error, of such a technical character that this court may disregard it and affirm the judgment? I think not. As we have seen, a bill of particulars forms no part of the pleadings, nor of the judgment roll. Arrow S. S. Co. v. Bennett, 26 N. Y. Supp. 948. It is not evidence in the case, unless properly introduced as such. In a subsequent action between the same parties for the same cause of action, it would be impossible to show, by the introduction of the judgment roll in this action, with the complaint unamended and in the form held sufficient by the court below, what the issues were that were tried herein, and a plea of res adjudicata would, therefore, be of no avail. It was, therefore, of the utmost importance to the defendant that the complaint should state the cause of action relied upon by the plaintiff as a basis for his recovery, and the defendant's attorney had a right to rely upon his motion, and its denial by the court below is such error as calls for a reversal.

Judgment reversed, and new trial ordered, with costs to abide the event.

GOFF, J., concurs. LEHMAN, J., dissents.