---

## SAMUELSON v. MAYER.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. COURTS (§ 190*)—JUDGMENT OF MUNICIPAL COURT—REVIEW—PLEADING.

The sufficiency of an oral complaint in the Municipal Court cannot be determined on appeal, where the record does not purport to show the exact provisions of the complaint as orally stated, but only embraces the statement of the substance thereof indorsed on the summons and entered in the docket book of the court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. §§ 103, 3379½.]

2. COURTS (§ 189*)—MUNICIPAL COURT—ORAL COMPLAINT—SUFFICIENCY.

While the oral complaint permitted in the Municipal Court need not set forth facts with all the detail which good pleading might suggest, in a written complaint, it must contain all the essentials of a good cause of action.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURT—BILL OF PARTICULARS—ORAL PLEADINGS.

The deficiencies of an oral pleading in the Municipal Court cannot be supplied by a bill of particulars thereafter furnished.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

4. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADING—DEMURRER TO ORAL COMPLAINT—PROCEDURE.

If, upon the return day in the Municipal Court upon the oral statement of plaintiff's cause of action, defendant deems it insufficient, he should raise the question at once by demurrer before pleading to the complaint, and the complaint should then be taken down at length by the stenographer and form part of the record of the case, and, if the court overrules the demurrer, defendant may then plead, but, if it sustains the demurrer, plaintiff would then be given leave to amend his complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Appellate Term.

Action by Hyman Samuelson against Carrie Mayer. From a determination of the Appellate Term (65 Misc. Rep. 518, 120 N. Y. Supp. 75) reversing a Municipal Court judgment for plaintiff, plaintiff appeals. Reversed, and Municipal Court judgment reinstated.

See, also, 122 N. Y. Supp. 1144.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Julius Blumofe, for appellant.

M. Spencer Bevins, for respondent.

DOWLING, J. This action was commenced by the issuance of a summons in the Municipal Court of the city of New York, Sixth district, on May 11, 1909. Upon the return day, May 21st, issue was joined, and the plaintiff made his oral complaint, to which the defendant orally answered and demanded a bill of particulars. Thereafter various adjournments were had, and in the interim a written bill of particulars of the plaintiff's cause of action was filed. On June 21st the cause came on for trial, whereupon defendant's counsel moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. To this the plaintiff's counsel made reply that there was a bill of particulars filed, and that the summons was indorsed "Labor performed and materials furnished," and that he did not know what else the defendant's counsel wanted. The court thereupon denied the motion. Plaintiff recovered a judgment of $145.60, which, upon appeal to the Appellate Term, was reversed, and from such determination the plaintiff appeals to this court.

The question sought to be presented by this appeal is the sufficiency of the oral complaint stated on plaintiff's behalf. Unfortunately that question cannot be raised in this case, for the record does not purport to show the exact provisions of the complaint, as orally stated. All that appears in the record is the statement of the substance of the pleading indorsed upon the summons and entered in the docket book of the court pursuant to section 145 of the Municipal Court act. Laws 1902, c. 580. This is not sufficient to raise the question as to whether or not the complaint was sufficient. It has been held in Maisch v. City of New York, 134 App. Div. 201, 118 N. Y. Supp. 908, that the words "damages to personal property" written on a sheet of paper attached to the summons after the printed word "complaint" constituted a sufficient compliance with such section, as to the indorsement of the substance of the complaint upon the summons; but this is far from holding that such a statement of the plaintiff's cause of action would be sufficient as a complaint.

It is obvious in the case at bar that if the only complaint stated by the plaintiff was in the form in which it was condensed by the court, viz., "work, labor and services rendered and materials furnished," the amount having been stated in the summons at $129.90, the oral complaint would have been insufficient, as it did not show the rendition of the services and the furnishing of the materials at the defendant's request; nor did it show whether plaintiff was suing for an agreed price, or for the reasonable value, of the services and materials. But, if the defendant desired to test the sufficiency of the complaint, he should have had the oral pleading in its entirety as stated by plaintiff entered in the record so that the question might be properly presented.

It is apparent that, in providing for written demurrers to written pleadings, it was sought to assimilate the practice in the Municipal Courts to that in the Supreme Court wherever a written complaint had

been served. And the right of the court to entertain a motion to dismiss the complaint where it did not state facts sufficient to constitute a cause of action has been upheld in Rogers v. Fine, 49 Misc. Rep. 633, 97 N. Y. Supp. 1004, as within the inherent power of the court; it being treated, in effect, as an oral demurrer, and, when granted, the plaintiff was to be permitted to amend his pleadings.

It has, however, been the consistent purpose of the Legislature to preserve oral pleadings in the Municipal Court for the better protection of the rights of litigants whose claims are small in amount or who cannot afford to pay for legal services in their prosecution. This, of course, does not mean that a complaint orally presented must not state facts sufficient to constitute a good cause of action. For, while it need not be set forth with all the detail which good pleading might suggest in a written complaint, it still must contain all the essentials to constitute a good cause of action, and the deficiencies in an oral pleading cannot be supplied by a bill of particulars thereafter furnished. Spitz v. N. Y. Taxicab Co., 62 Misc. Rep. 492, 115 N. Y. Supp. 247. But the orderly administration of justice requires that, if the oral complaint is deemed insufficient by the defendant, he must raise that question when the pleading is stated, and he cannot interpose an answer and wait for weeks or months until the trial is about to be reached, and then move to dismiss upon the ground that the complaint does not state facts sufficient to constitute a cause of action, when the record does not fully nor completely disclose what complaint the plaintiff actually stated orally.

If, upon the return day, upon the oral statement of plaintiff's cause of action, defendant deems the same insufficient he should raise the question at once by demurrer, before pleading to the plaintiff's complaint, the complaint should then be taken down at length by the stenographer and form part of the record of the case. If the court overrules the demurrer, the defendant may then plead. If the court sustains the demurrer, the plaintiff would then be given leave to amend his complaint. Such a course of procedure will prevent undue delay, protect plaintiffs from an erroneous or an incomplete indorsement of the substance of their complaint, and at the same time insure the preservation to defendants of any rights they may have if the trial proceeds upon a defective pleading.

The determination of the Appellate Term is therefore reversed, and the judgment of the Municipal reinstated, with costs to the appellant in all courts. All concur.