### MAHAR v. HARRINGTON PARK VILLA SITES et al.

(Supreme Court, Appellate Term.   June 24, 1910.)

DISMISSAL AND NONSUIT (§ 62*)—PLEADING—FAILURE TO FILE BILL OF PAR-
   TICULARS.
   Where a plaintiff had inadequately stated his cause of action, and failed to file a bill of particulars, as ordered by the court, the action should have been dismissed on the motion of the defendant.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 117;  Dec. Dig. § 62;*  Pleading, Cent. Dig. § 995.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henry W. Mahar against Harrington Park Villa Sites, a corporation, and Laura A. Skinner.   Judgment for plaintiff, and defendants appeal.   Reversed, and a new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Alexander Thain (Otto G. Foelker, of counsel), for appellants.
Robert Lyon, for respondent.

BIJUR, J.   Upon the return, the plaintiff pleaded orally:  "Money, had and received, affecting the title of Harrington Park."   The defendant immediately filed a written demurrer.   The demurrer was sustained, and the court directed that the plaintiff "file a bill of particulars setting forth his cause of action."   It does not appear from the record that any bill was filed, nor that the cause of action was ever adequately stated.

At the opening of the trial the defendant moved to dismiss, which motion was denied.   Under the circumstances, defendant having made

due and timely objection in every possible way to plaintiff's insufficient pleading, the refusal to dismiss was error. See Samuelson v. Mayer (decided in June, 1910, Appellate Division, First Department), 123 N. Y. Supp. 418.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.