DAUB STORAGE WAREHOUSE & VAN CO. v. FITZHENRY.

(Supreme Court, Appellate Term.    January 5, 1911.)

1. COURTS (§ 189*) — MUNICIPAL COURTS — PLEADING — SUFFICIENCY OF COMPLAINT.

The sufficiency of a complaint in a Municipal Court is to be tested by the same rules applied to complaints in the Supreme Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADING—COMPLAINTS.

Municipal Court Act (Laws 1902, c. 580) § 149, provides that the complaint must state in a plain and direct manner, the facts constituting the cause of action. *Held,* that a complaint, "Work, labor, and services rendered at defendant's request, for an agreed price of $250," was insufficient; no contractual relation between the parties being set forth, but merely the conclusions of the pleader, raising no issue required to be controverted.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Brady, J., dissenting

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Daub Storage Warehouse & Van Company against Charles Fitzhenry. A demurrer to the complaint was overruled, and defendant appeals. Reversed, and demurrer sustained, with leave to amend complaint.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Herman Kahn, for appellant.
Harold C. Knoeppel, for respondent.

GIEGERICH, J. Upon the return day of the summons in this case the parties appeared, and the plaintiff complained orally as follows: "Work, labor, and services." The defendant thereupon interposed a written demurrer to the complaint. The demurrer was sustained, with leave to the plaintiff to plead over. The plaintiff then pleaded as follows:

"Work, labor, and services rendered at defendant's request, for an agreed price of $250.00."

This complaint appears to have been reduced to writing, and is attached to the summons in the return. To this amended complaint the defendant again demurred, upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and from the interlocutory judgment overruling such demurrer this appeal is taken.

It is claimed by the respondent that the complaint in this case supplies the defects pointed out in complaint in the case of Samuelson v. Mayer, 139 App. Div. 6, 123 N. Y. Supp. 418, and that therefore it is sufficient. The court in the Samuelson Case did not attempt to point out all the defects in the complaint in that case, and the material point decided therein was that, if a defendant desired to demur to an oral

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint offered in a Municipal Court, he must do. so promptly, and the court then said:

"If upon the return day, upon oral statement of plaintiff's cause of action, defendant deems the same insufficient, he should raise the question at once upon demurrer, before pleading to the plaintiff's complaint. The complaint should then be taken down at length by the stenographer and form part of the record of the case."

This court held in Reed v. Landau, 115 N. Y. Supp. 1068, that the defendant had "a right to know in a definite and certain manner just what claim he is required to meet," and that when plaintiff's attention is called to the defects in the complaint "it is a very easy matter to orally state his complaint, which may be taken down by the stenographer." It has frequently been held that a complaint in a Municipal Court is to be tested, if its sufficiency be called in question, "by the same rules as are applied to complaints in the Supreme Court." State Board of Pharmacy v. Davey, 56 Misc. Rep. 568, 107 N. Y. Supp. 46, and cases there cited.

Section 149 of the Municipal Court act (Laws 1902, c. 580) declares that:

"The complaint must state in a plain and direct manner the facts constituting the cause of action."

The defendant herein followed the practice laid down in the Samuelson Case, supra, and promptly demurred to the complaint. Tested by the rules laid down as above stated, it is clear that the complaint is defective. No facts are therein stated from which it can be said that the defendant is liable to the plaintiff upon any cause of action. Possibly an inference might be drawn that work, labor, and services had been rendered at defendant's request, for which he had agreed to pay the sum of $250; but by whom such services were performed, or when, or where, or whether performed for the benefit of the defendant, or for the benefit of some third person, is not alleged. No contractual relation between the plaintiff and defendant is set forth, and the complaint, if it can be termed such, is merely the conclusions of the pleader, and raises no issue which the defendant is required to controvert. In a court where none but attorneys at law are allowed to practice, there is no hardship in requiring parties to make their pleadings full and complete, so that the issues may be clearly defined. The demurrer should have been sustained, and the plaintiff allowed to again amend.

Judgment overruling demurrer reversed, with costs, and demurrer sustained, and plaintiff allowed to amend his complaint within six days, upon payment of costs in this court and in the court below.

GAVEGAN, J., concurs.

BRADY, J. (dissenting). Upon the return day of the summons herein the parties appeared, and plaintiff complained orally as follows, viz.: "Work, labor, and services." The defendant demurred, and the demurrer was sustained. Plaintiff was allowed to amend, and then pleaded as follows:

"Work, labor, and services rendered at the defendant's request, for an agreed price of $250."

The complaint as amended appears in the shape of a written memorandum attached to the summons in the action. The defendant again demurred, upon the ground that such amended complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the interlocutory judgment overruling the demurrer the defendant appeals.

Unless oral pleadings in the Municipal Courts are to be tested by the application of the strictest rules of pleading, not only as to substance, but as to form, the complaint as amended in this case was sufficient. To slightly paraphrase the words of the plaintiff, he says:

"I rendered work, labor, and services at defendant's request, for an agreed price of $250."

It is quite probable that, had a written complaint been drawn, the facts would have been detailed more perfectly; but the words used sufficiently state the facts to constitute a cause of action. In the various cases cited by counsel, the complaint therein was clearly insufficient. As stated in Samuelson v. Mayer, 139 App. Div. 6, 7, 123 N. Y. Supp. 420:

"It has been the consistent purpose of the Legislature to preserve oral pleadings in the Municipal Court; but this does not mean that a complaint need not state facts sufficient to constitute a cause of action."

Yet it is reasonable to assume that language may be implied appropriate to give the facts stated in the complaint herein a form sufficient to successfully withstand demurrer.

The interlocutory judgment should be affirmed, with costs.