(87 Misc. Rep. 339)

### ROHMAN v. JAFFER.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. APPEAL AND ERROR (§ 876*) — OPENING DEFAULT — DENIAL OF MOTION — SCOPE OF REVIEW.

   On appeal from an order denying defendant's motion to open his default, the court cannot review an order denying defendant's application for leave to interplead an adverse claimant to the fund sued for.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3549–3559; Dec. Dig. § 876.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—PROCEDURE.

   In a suit in the Municipal Court, plaintiff on the return day pleaded orally "money had and received," and defendant a "general denial." Defendant asked for a bill of particulars, which plaintiff filed, and on the adjourned day defendant moved for an order permitting him to pay the amount sued for into court, to interplead an adverse claimant, and to amend his answer by setting up defect of parties defendant. *Held*, that since plaintiff's oral pleading was uncertain, and set forth no cause of action, and until the bill of particulars was filed defendant had no definite knowledge of plaintiff's claim, defendant's application for leave to interplead was not too late because of his having pleaded the general denial, under Municipal Court Act (Laws 1902, c. 580) § 187, providing that applications for leave to interplead must be made before answer, since the allowance of the amended answer superseded the former one, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the application for leave to interplead, having been made prior to leave to amend the original answer, should have been granted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*] ·

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henry Rohman, as executor of the will of Franziska Rohman, deceased, against Louis A. Jaffer. From an order of the Municipal Court denying defendant's motion to open his default, and bringing up for review an order denying its motion for an order of interpleader, he appeals. Reversed.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

L. A. Jaffer, of New York City, in pro. per.

R. E. & A. J. Prime, of New York City (W. C. Prime, of New York City, of counsel), for respondent.

PER CURIAM. There are no issues of fact raised in this appeal. The defendant herein was the attorney for one Tillie Drucker, who, in January, 1914, purchased some real estate from the plaintiff. At the time of the delivery of the deed, there were violations upon the property, which the plaintiff agreed to remove, and as security for the removal of the same deposited with the defendant the sum of $350, upon condition that, if the violations were removed within 60 days, the amount deposited should be returned; otherwise, it was to be applied towards the expense of removal. At the expiration of the 60 days there remained one violation, and a controversy arose between the plaintiff and Drucker as to whether or not the plaintiff should give Drucker a guaranty to protect her from any claim that might be made by any of her tenants who might be disturbed by the plaintiff in removing this violation.

The plaintiff, claiming that he had been prevented from removing the violation, brought this action against the defendant in the Municipal Court. Upon the return day of the summons, the plaintiff pleaded orally "money had and received," and the defendant a "general denial." At the same time the defendant asked the plaintiff to file a bill of particulars, setting forth the exact nature of his cause of action. The case was adjourned until May 14, 1914. That day, the defendant being confined to his bed by illness, his clerk filed an affidavit of this fact, and the case was again adjourned until May 26, 1914. In the meantime the plaintiff had filed a bill of particulars, which set forth with exactitude his claim, and in which he admitted that one violation upon the premises sold by him had not been removed. The defendant thereupon made a motion, returnable upon May 26th, the same day to which the case had been adjourned, for an order permitting him to pay into court said sum of $350 and to interplead Tillie Drucker, and also to be permitted to amend his answer by setting up "defect of parties defendant." Another attorney, representing Tillie Drucker, filed a written consent on her part to such interpleader. The plaintiff's attorney, however,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interposed the objection that the right of defendant to interplead Tillie Drucker was lost, as by section 187 of the Municipal Court Act an application for leave to interplead must be made "before answer."

The court below held that it was without power to make an order of interpleader, but granted the motion to allow the answer to be amended, but as a condition for granting such amendment, and for an adjournment asked for by defendant, required the defendant to deposit the sum of $350 into court, and also to stipulate that Tillie Drucker would appear on May 28th, answer the complaint, and proceed to trial on that day. The case was set for trial at 2 p. m. on May 28th, owing to the engagement of defendant in the trial of another action in the forenoon of that day. When the case was called for trial at 2 p. m., a clerk of the defendant asked for an adjournment, and filed an affidavit setting forth the engagement aforesaid of defendant, and also showing the absence of a material and necessary witness. This adjournment was refused, and an inquest taken. Upon the motion made to open the default, it also appeared that defendant returned to his office about 3 p. m. of May 28th, at the conclusion of his first engagement, that he was there called on the telephone from Lancaster, Pa., and informed that his presence was required in that place at once, owing to the dangerous illness of his son, who was there attending school, that he so informed plaintiff's attorney over the telephone at the courthouse, where this case was being held, and that defendant then immediately left the city for Lancaster.

[1, 2] We think the application for leave to interplead Tillie Drucker should have been granted, although we are powerless to review the order upon an appeal from an order denying a motion to open a default. The oral pleading of the plaintiff was indefinite and uncertain, and set forth no cause of action. Reed v. Landau, 115 N. Y. Supp. 1068; Daub Storage Co. v. Fitzhenry, 70 Misc. Rep. 220, 126 N. Y. Supp. 630; Weiner et al. v. Yale Knitting Mills Co. (2d Department, A. D.) 138 App. Div. 523, 123 N. Y. Supp. 327. Until the bill of particulars was filed, the defendant had no definite knowledge of the plaintiff's claim. The allowance of the amended answer superseded any former answer. Maytham v. Parker, 81 Misc. Rep. 400, 142 N. Y. Supp. 582, and the application for leave to interplead was made prior to the granting leave to amend the original answer, and should have been granted.

Order denying motion to open default reversed, judgment vacated, and new trial ordered, with costs to the appellant to abide the event.